**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

SAILORMEN, INC.,[1]                                    Case No: 26-10451 (RAM)

      Debtor.                                           Chapter 11

_____/

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT**
**AND RETENTION OF LOWENSTEIN SANDLER LLP AS COUNSEL**
**TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,**
**EFFECTIVE AS OF FEBRUARY 17, 2026**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the bankruptcy case of the above-captioned debtor (the "Debtor"), hereby submits this application (the "Application"), pursuant to sections 328 and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and consistent with the *Guidelines For Reviewing Applications for Compensation and Reimbursement of Expenses filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), issued by the Executive Office of the United States Trustee (the "EOUST"), for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the employment and retention of Lowenstein Sandler LLP ("Lowenstein Sandler") as lead counsel for the Committee, effective as of February 17, 2026. In support of this Application, the Committee submits the *Declaration of David M. Posner, Esq. in Support of Application of the*

---

[1] The Debtor in this Chapter 11 case and the last four digits of its federal tax identification number are Sailormen, Inc. (5214). The location of the Debtor's corporate headquarters and the Debtor's service address in this chapter 11 case is Miami, Florida.

49574/2
03/03/2026 317703315.5
02. Sailormen. Lowenstein Sandler Retention Application - 3/3/2026 7:59 AM

*Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Lowenstein Sandler LLP as Counsel, Effective as of February 17, 2026* (the "Posner Declaration"), a partner of Lowenstein Sandler, attached hereto as **Exhibit B**, , and respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference*, dated March 25, 2012 (F. Moreno, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules.

3.      BACKGROUND

4.      On January 15, 2026 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Court") commencing this case (the "Chapter 11 Case").  No trustee or examiner has been appointed in the Chapter 11 Case.

5.      Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage its properties and operate its business as a debtor-in-possession.

6.      On February 12, 2026, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a) of the Bankruptcy Code.  [Docket No. 167].  The Committee is comprised of five members: (i) Realty Income Corporation; (ii) Schefsky Family Revocable Trust; (iii) Egan Family Trust LP; (iv) Investments AAB Two LLC; and (v) 404 Midland Avenue LLC.

02. Sailormen. Lowenstein Sandler Retention Application - 3/3/2026 7:59 AM

7.      On February 17, 2026, the Committee selected Lowenstein Sandler to serve as its lead counsel.  The Committee subsequently selected Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A ("Stearns Weaver") to serve as its Florida counsel, and FTI Consulting ("FTI") to serve as its financial advisor in the Chapter 11 Case.

8.      Information regarding the Debtor's history, business operations, capital structure, secured indebtedness, and the events leading up to the commencement of the Chapter 11 Case can be found in the *Declaration of David M. Baker in Support of First-Day Motions* [Docket No. 9].

### RELIEF REQUESTED

9.      By this Application, the Committee respectfully requests the entry of an order authorizing and approving the employment and retention of Lowenstein Sandler as its counsel to perform legal services relating to the Chapter 11 Case, effective as of February 17, 2026.

10.     The Committee believes that it is necessary to employ attorneys to render the professional services described herein, and that without such professional assistance, neither the Committee's evaluation of the operations of the Debtor nor its meaningful participation in the negotiation, promulgation, and evaluation of any sale of assets or plan of reorganization would be possible.

11.     Pursuant to section 1103(b) of the Bankruptcy Code, an attorney employed to represent an official committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case.  Lowenstein Sandler has advised the Committee that Lowenstein Sandler does not hold or represent any other entity having an adverse interest in connection with the Chapter 11 Case, and does not have any connections with the Bankruptcy Judge presiding over the Chapter 11 Case, the United States Trustee for Region

21 or any person employed by the Office of the United States Trustee, except as set forth in the Posner Declaration, submitted herewith and setting forth Lowenstein Sandler's connections with the Debtor, their creditors, and other parties-in-interest in the Chapter 11 Case.

12. The Committee selected Lowenstein Sandler because of its attorneys' experience and knowledge in bankruptcy matters. The Committee believes that Lowenstein Sandler is well qualified to represent the Committee in the Chapter 11 Case. Lowenstein Sandler has represented official committees of unsecured creditors in numerous Chapter 11 Case including, without limitation: *In re FLOAT Alaska, LLC*, Case No. 26-11075 (CTG) (Bankr D. Del. Jan. 26, 2026); *In re TPI Composites, Inc.*, Case No. 25-34655 (CML) (Bankr. S.D. Tex. Aug. 11, 2025); *In re Desktop Metal, Inc.*, Case No. 25-90268 (CML) (Bankr. D. Del. July 28, 2025); *In re Work 'N Gear, LLC*, Case No. 25-17472 (MEH) (Bankr. D. NJ July 16, 2025); *In re Boundless Broadband, LLC*, Case No. 25-10948 (BLS) (Bankr. D. Del. May 29, 2025); *In re CHG US Holdings LLC*, Case No. 25-10851 (MFW) (Bankr. D. Del. May 12, 2025); *In re Diamond Comic Distributors*, Case No. 25-10308 (DER) (Bankr. D. Md. Jan.;  14, 2025); *In re Vobev, LLC*, Case No. 24-26346 (JTM) (Bankr. D. Utah Dec. 9, 2024); *In re H-Food Holdings, LLC*, Case No. 24-90586 (ARP) (Bankr. S.D. Tex. Nov. 22, 2024); *In re DRF Logistics, LLC*, Case No. 24-90447 (CML) (Bankr. S.D. Tex. Aug. 8, 2024); *In re One Table Restaurant Brands, LLC*, Case No. 24-11553 (KBO) (Bankr. D. Del. Jul. 17, 2024); *In re Mountain Sports, LLC*, Case No. 24-11385 (MFW) (Bankr. D. Del. June 18, 2024); *In re Nevada Copper, Inc.*, Case No. 24-50566 (HLB) (Bankr. D. Nev. June 10, 2024); *In re Franciscan Friars of California, Inc.*, Case No. 23-41723 (WJL) (Bankr. N.D. Cal. Dec. 31, 2023); *In re Proterra, Inc.*, Case No. 23-11120 (BLS) (Bankr D. Del. August 7, 2023); *In re Williams Industrial Services Group, Inc.*, Case No. 23-10961 (BLS) (Bankr. D. Del. July 22, 2023); *In re Benefytt Technologies, Inc.*, Case No. 23-

90566 (CML) (Bankr. S.D. Tex. May 23, 2023); *In re The Roman Catholic Bishop of Oakland*, Case No. 23-40523 (WJL) (Bankr. N.D. Cal. May 8, 2023); *In re Tuesday Morning Corporation*, Case No. 23-90001 (ELM) (Bankr. S.D. Tex. Feb. 14, 2023); *In re Lucira Health, Inc.*, Case No. 23-10242 (MFW) (Bankr. D. Del. Feb. 22, 2023); *In re Vital Pharmaceuticals, Inc.*, Case No. 22-17842 (PDR) (Bankr. S.D. Fla. Oct. 10, 2022); *In re Gold Standard Baking*, Case No. 22-10559 (JKS) (Bankr. D. Del. June 22, 2022); *In re Avadim Health, Inc.*, Case No. 21-10883 (CTG) (Bankr D. Del. May 31, 2021); *In re Knotel, Inc.,* Case No. 21-10146 (MFW) (Bankr. D. Del. Jan. 31, 2021); *In re Cortlandt Liquidating LLC (f/k/a Century 21 Department Stores LLC)*, Case No. 20-12097 (MEW) (Bankr. S.D.N.Y. Sept. 10, 2020); *In re Arandell Holdings, Inc.*, Case No. 20-11941 (JTD) (Bankr. D. Del Aug. 13, 2020); *In re GNC Holdings, Inc.*, Case No. 20-11662 (KJC) (Bankr. D. Del. June 23, 2020); *In re Maines Paper & Food Service, Inc.*, Case No. 20-11502 (KBO); (Bankr. D. Del. June 10, 2020); *In re Exide Holdings, Inc.*, Case No. 20-11157 (CSS) (Bankr. D. Del. May 19, 2020); *In re Hygea Holdings Corp.*, Case No. 20-10361 (KBO) (Bankr. D. Del. Feb. 19, 2020).

13.     The professional services that Lowenstein Sandler will provide to the Committee include, but are not limited to:

> (a)     advising the Committee with respect to its rights, duties, and powers in the Chapter 11 Case;
>
> (b)     assisting and advising the Committee in its consultations with the Debtor relative to the administration of the Chapter 11 Case;
>
> (c)     assisting the Committee in analyzing the claims of the Debtor's creditors and the Debtor's capital structure and in negotiating with holders of claims and equity interests;
>
> (d)     assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and of the operation of the Debtor's business;

(e) assisting the Committee in analyzing (i) the Debtor's prepetition financing, (ii) the proposed use of cash collateral, the terms and considtions of the proposed cash collateral and the adequacy of the proposed cash collateral, and (iii) any proposed debtor-in-possession financing ("DIP Financing"), the terms and conditions of the proposed DIP Financing and the adequacy of the proposed DIP Financing budget;

(f) assisting the Committee in its investigation of the liens and claims of the holders of the Debtor's prepetition debt and the prosecution of any claims or causes of action revealed by such investigation;

(g) assisting the Committee in its analysis of, and negotiations with, the Debtor or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of nonresidential real property and executory contracts, asset dispositions, sale of assets, financing of other transactions and the terms of one or more plans of reorganization for the Debtor and accompanying disclosure statements and related plan documents;

(h) assisting and advising the Committee as to its communications to unsecured creditors regarding significant matters in the Chapter 11 Case;

(i) representing the Committee at hearings and other proceedings;

(j) reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee as to their propriety;

(k) assisting the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives in the Chapter 11 Case, including without limitation, the preparation of retention papers and fee applications for the Committee's professionals, including Lowenstein Sandler;

(l) assisting the Committee and providing advice concerning the proposed sale of substantially all of the Debtor's assets, including issues concerning any potential competing bidders and the auction process;

(m) assisting the Committee with respect to issues that may arise concerning the Debtor's unionized employees;

(n) preparing, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing; and

(o) performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the

Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

14.     Subject to the Court's approval, and pursuant to sections 328, 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the rules and other procedures which this Court may fix, the Committee requests that Lowenstein Sandler be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Lowenstein Sandler incurs, in accordance with Lowenstein Sandler's ordinary and customary rates in effect on the date such services are rendered and such expenses are incurred.  Lowenstein Sandler's hourly rates are as follows:

| Classification/Experience | Hourly Rate |
| --- | --- |
| Partners of the Firm | $800 - $2,300 |
| Of Counsel | $955 - $1,685 |
| Senior Counsel (generally twelve or more years of experience) | $710 - $1,695 |
| Counsel (generally seven or more years of experience) | $670 - $1,600 |
| Associates (generally fewer than seven years of experience) | $590 - $1,450 |
| Staff Attorneys | $500 - $965 |
| Paralegals, Practice Support and Assistants | $255 - $540 |

15.     Following negotiations between Lowenstein Sandler and the Committee, Lowenstein Sandler has agreed to discount its partner rates by 10%.  Lowenstein Sandler has also agreed not to bill for travel time, however, there will be no limitation on Lowenstein Sandler's right to seek reimbursement of all other out-of-pocket disbursements and expenses.

16.     The hourly charges set forth above are based upon the experience and expertise of the attorney or legal assistant involved.  The hourly rates set forth above are subject to periodic adjustments, which occur annually on or about January 1 each year, to reflect economic and other conditions.  Lowenstein Sandler will advise the Debtor, the Committee and the United States Trustee for the Southern District of Florida (the "U.S. Trustee") of any increases in its hourly rates.  Lowenstein Sandler will file and serve a supplemental declaration setting forth any

additional material information relating to its employment promptly after learning of any such material information.

17.     Lowenstein Sandler will maintain detailed and contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above.  It is Lowenstein Sandler's policy to charge its clients in all areas of practice for all disbursements and expenses incurred in the rendition of services.  These disbursements and expenses include, among other things, reasonable costs for telephone and facsimile charges, photocopying, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings (including transcripts).

18.     The Committee understands that any compensation and expenses paid to Lowenstein Sandler must be approved by the Court upon application consistent with the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, the Local Rules, the U.S. Trustee Guidelines, and any orders of the Court respecting compensation of professionals.

19.     To the best of the Committee's knowledge, while Lowenstein Sandler does represent certain creditors of the Debtor on wholly unrelated matters, it does not represent any entity having an adverse interest in connection with the Chapter 11 Case, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and does not represent or hold any interest adverse to the interests of the Debtor's estate with respect to the matters for which it is to be employed.

20.     By separate applications, the Committee is also seeking approval to employ Stearns Weaver to serve as its Florida counsel and FTI to serve as the Committee's financial advisor in the Chapter 11 Case.

21.     The Committee believes that if the Court approves the employment of Lowenstein Sandler and Stearns Weaver, these firms will allocate their delivery of services to the Committee so as to avoid any unnecessary duplication of services.  Moreover, the Committee believes that the efficient allocation of responsibility for legal matters in the Chapter 11 Case between Lowenstein Sandler and Stearns Weaver will reduce the cost of monitoring these proceedings, as well as the time and expense associated with travel by Lowenstein Sandler with respect to matters that can be handled by Florida counsel.  It is the carefully considered view of the Committee that, considering the size and complexity of the Chapter 11 Case and the various interests involved, representation of the Committee by Lowenstein Sandler and Stearns Weaver is necessary and in the best interests of the Committee.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

22.     In accordance with the U.S. Trustee Guidelines, Lowenstein Sandler shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  Lowenstein Sandler also intends to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final applications to be filed by Lowenstein Sandler in the Chapter 11 Case.[2]

---

[2]    By their terms, the U.S. Trustee Guidelines "apply to the USTP's review of applications for compensation filed by attorneys in larger Chapter 11 Case," and are intended as an update to the original Guidelines (the "Appendix A Guidelines") adopted by the EOUST in 1996.  The Appendix A Guidelines have been a part of this Court's local procedures for years.  In other chapter 11 cases where it has been retained, Lowenstein Sandler has filed its fee applications in compliance with the Appendix A Guidelines. Among other things, the U.S. Trustee Guidelines ask attorneys in larger chapter 11 cases to provide additional documentation and make significant new disclosures in connection with their retention under section 327 and compensation under section 330 of the Bankruptcy Code.  As the U.S. Trustee Guidelines themselves acknowledge, "the Guidelines do not supersede local rules, court orders, or other controlling authority."

23.    As set forth in the Posner Declaration, the following is provided in response to the request for additional information contained in paragraph D.1. of the U.S. Trustee Guidelines:

**Question:**    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:    Yes. Lowenstein Sandler has agreed to a discount on its fees of 10% and to not bill for travel time.

**Question:**    Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response:    No.

**Question:**    If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition period. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response:    Lowenstein Sandler did not represent the Committee prior to the Petition Date.

**Question:**    Has your client approved your prospective budget and staffing plan and, if so, for what budget period?

Response:    Lowenstein Sandler expects to develop a budget and staffing plan to reasonably comply with the U.S. Trustee's request for information and additional disclosures, as to which Lowenstein Sandler reserves all rights. The Committee has approved Lowenstein Sandler's proposed hourly billing rates.

24.    Lowenstein Sandler has advised the Committee that it intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines both in connection with this Application and the interim and final fee applications to be filed by Lowenstein Sandler in the course of its engagement. The Committee understands it is Lowenstein Sandler's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the EOUST to adopt the U.S. Trustee Guidelines; however, in doing so, Lowenstein Sandler reserves all rights as to

the relevance and substantive legal effect of the U.S. Trustee Guidelines in respect of any application for employment or compensation in the Chapter 11 Case that falls within the ambit of the U.S. Trustee Guidelines.

**NOTICE**

25.  Notice of this Application has been given to (i) the Office of the United States Trustee for Region 21, 51 SW First Ave, Room 1204, Miami, FL 33130 (Attn: Steven D. Schneiderman); (ii) counsel to the Debtor: (a) Shraiberg Page, P.A., 2385 NW Executive Center Drive, Suite 300 Boca Raton, Florida 33431 (Attn: Bradley S. Shreiberg, Esq. and Samuel W. Hess, Esq.) and (b) Cole Schotz, P.C. 2121 SW 3rd Ave, Suite 200 Miami, FL 33129 (Attn: Luis Salazar, Esq.) and 1201 Wills Street, Suite 320 Baltimore, MD 21231 (Attn: Gary H. Leibowitz, Esq., Irving Walker, Esq., H.C. Jones, III, Esq., and Natalie Gibson, Esq.); (iii) BMO Bank, 525 W. Monroe Street Chicago, IL 60661-3693 (Attn: Terence G. Banich, Esq. c/o Peter P. Knight, Esq.); and (iv) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

26.  No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order, substantially in the form submitted herewith, authorizing the Committee to retain and employ Lowenstein Sandler as counsel to the Committee, effective as of February 17, 2026, and grant the Committee such other and further relief as the Court deems just or proper.

Dated: March 3, 2026                    Respectfully submitted,

                                        **The Official Committee of Unsecured Creditors
                                        of Sailormen, Inc.**

By: /s/ Michael DiGiacomo
Michael DiGiacomo of Realty Income Corporation, solely in his capacity as the Chairperson of the Official Committee of Unsecured Creditors and not in his personal capacity

-12-

# EXHIBIT A

-**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

SAILORMEN, INC.,[1]                                  Case No: 26-10451 (RAM)

         Debtor.                                     Chapter 11

_____/

**DECLARATION OF DAVID M. POSNER IN SUPPORT OF
APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND
RETENTION OF LOWENSTEIN SANDLER LLP AS COUNSEL TO THE  OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF FEBRUARY 17, 2026**

David M. Posner hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner of the law firm of Lowenstein Sandler LLP ("Lowenstein Sandler"), which maintains offices in New York, New Jersey, California, Utah, and Washington, D.C.  I am an attorney at law, duly admitted and a member in good standing of the bar of the State of New York.  I am admitted to this Court in the Chapter 11 Case *pro hac vice*.

2. This Declaration is submitted in support of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor-in-possession (the "Debtor") for entry of an order authorizing and approving the Committee's employment and retention of Lowenstein Sandler as counsel to the Committee, effective as of February 17, 2026.

3. The professional services that Lowenstein Sandler will provide to the Committee include, but are not limited to:

---

[1] The Debtor in this chapter 11 case and the last four digits of its federal tax identification number are Sailormen, Inc. (5214).  The location of the Debtor's corporate headquarters and the Debtor's service address in this chapter 11 case is Miami, Florida.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

(a)    advising the Committee with respect to its rights, duties, and powers in the Chapter 11 Case;

(b)    assisting and advising the Committee in its consultations with the Debtor relative to the administration of the Chapter 11 Case;

(c)    assisting the Committee in analyzing the claims of the Debtor's creditors and the Debtor's capital structure and in negotiating with holders of claims and equity interests;

(d)    assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and of the operation of the Debtor's business;

(e)    assisting the Committee in analyzing (i) the Debtor's prepetition financing, (ii) the proposed use of cash collateral, the terms and considtions of the proposed cash collateral and the adequacy of the proposed cash collateral, and (iii) any proposed debtor-in-possession financing ("DIP Financing"), the terms and conditions of the proposed DIP Financing and the adequacy of the proposed DIP Financing budget;

(f)    assisting the Committee in its investigation of the liens and claims of the holders of the Debtor's prepetition debt and the prosecution of any claims or causes of action revealed by such investigation;

(g)    assisting the Committee in its analysis of, and negotiations with, the Debtor or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of nonresidential real property and executory contracts, asset dispositions, sale of assets, financing of other transactions and the terms of one or more plans of reorganization for the Debtor and accompanying disclosure statements and related plan documents;

(h)    assisting and advising the Committee as to its communications to unsecured creditors regarding significant matters in the Chapter 11 Case;

(i)    representing the Committee at hearings and other proceedings;

(j)    reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee as to their propriety;

(k)    assisting the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives in the Chapter 11 Case, including without limitation, the preparation of retention papers and fee applications for the Committee's professionals, including Lowenstein Sandler;

A - 02. Sailormen. Lowenstein Sandler Retention Declaration - 3/3/2026 7:53 AM

(l)     assisting the Committee and providing advice concerning the proposed sale of substantially all of the Debtor's assets, including issues concerning any potential competing bidders and the auction process;

(m)    assisting the Committee with respect to issues that may arise concerning the Debtor's unionized employees;

(n)    preparing, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing; and

(o)    performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

4.      As of the date of this Declaration, Lowenstein Sandler has not received a retainer or compensation in connection with its proposed representation of the Committee in the Chapter 11 Case.

5.      Subject to the Court's approval, and pursuant to sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules and any procedures which this Court may fix, Lowenstein Sandler shall seek compensation on an hourly basis, plus reimbursement of its actual and necessary expenses incurred, in connection with representing the Committee in these Chapter 11 Case. Lowenstein Sandler's compensation shall be in accordance with the ordinary and customary rates which are in effect on the date the services are rendered. Lowenstein Sandler's hourly rates are as follows:

| Classification/Experience | Hourly Rate |
| --- | --- |
| Partners of the Firm | $800 - $2,300 |
| Of Counsel | $955 - $1,685 |
| Senior Counsel (generally twelve or more years of experience) | $710 - $1,695 |
| Counsel (generally seven or more years of experience) | $670 - $1,600 |
| Associates (generally fewer than seven years of experience) | $590 - $1,450 |
| Staff Attorneys | $500 - $965 |
| Paralegals, Practice Support and Assistants | $255 - $540 |

6. Following negotiations between Lowenstein Sandler and the Committee, Lowenstein Sandler has agreed to discount its partner rates by 10%. Lowenstein Sandler has also agreed not to bill for travel time, however, there will be no limitation on Lowenstein Sandler's right to seek reimbursement of all other out-of-pocket disbursements and expenses.

7. The hourly charges for the attorneys and legal assistants who will render services to the Committee are based upon the experience and expertise of the attorney or legal assistant involved. The hourly rates set forth above are subject to periodic adjustments, which occur annually on or about January 1 each year, to reflect economic and other conditions. Lowenstein Sandler will advise the Debtor, the Committee and the Office of the United States Trustee for the Southern District of Florida (the "U.S. Trustee") of any increases in its hourly rates. Lowenstein Sandler will file and serve a supplemental declaration setting forth any additional material information relating to its employment promptly after learning of any such material information.

8. Lowenstein Sandler will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above. It is Lowenstein Sandler's policy to charge its clients in all areas of practice for all disbursements and expenses incurred in the rendition of services. These disbursements and expenses include, among other things, reasonable costs for telephone and facsimile charges, photocopying, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings (including transcripts).

9. In connection with its proposed retention by the Committee in these Chapter 11 Case, Lowenstein Sandler undertook to determine whether it had any contacts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtor's estate and the interests of the Committee with respect to the matters on which it will be engaged.

10. Lowenstein Sandler obtained the names of individuals and entities that may be parties in interest in the Chapter 11 Case and such parties are listed on **Schedule 1** attached hereto

(the "Potential Party List").  Lowenstein Sandler has searched its electronic database for its connections to the entities listed on the Potential Party List.

11.    Attached hereto as **Schedule 2** is a list of parties that Lowenstein Sandler may currently represent or may have represented in the past on matters wholly unrelated to the Chapter 11 Case, and professionals with whom Lowenstein Sandler may have served as co-counsel, including parties who appear on the Potential Party List.

12.    Except as disclosed herein or on Schedule 2 attached hereto, neither I, Lowenstein Sandler, nor any member, counsel, or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtor, their creditors, or any other parties in interest, their respective attorneys and accountants, the U.S. Trustee, any person employed in the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of Florida.

13.    To the best of my knowledge, none of the entities that appear on Schedule 2 or that have been otherwise disclosed herein, have generated revenue for Lowenstein Sandler in an amount of one percent (1%) or more of Lowenstein Sandler's gross revenue in calendar years 2023, 2024, or 2025.

14.    Lowenstein Sandler does not represent the Debtor, or any of the Debtor's current officers and directors, identified on the Potential Party List.

15.    To the best of my knowledge, after diligent inquiry, Lowenstein Sandler is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as Lowenstein Sandler, its partners, counsel, and associates: (a) are not creditors, equity security holders, or insiders of the Debtor; (b) are not and were not, within two (2) years before the date of the filing of the Chapter 11 Case, a director, officer, or employee of the Debtor; and (c) do not represent or hold an interest adverse to the interests of the estate with respect to the matters in which Lowenstein Sandler is proposed to be employed.

16.    Lowenstein Sandler, which employs approximately 350 attorneys, has a large and diversified legal practice that encompasses the representation of, and representations adverse to,

many entities and individuals, some of which are or may consider themselves to be creditors or parties in interest in the Chapter 11 Case, or otherwise to have interests in the Chapter 11 Case.

17.     In addition, Lowenstein Sandler likely represents, and may in the future represent, creditors of the Debtor who have not yet been disclosed by the Debtor in matters unrelated to the Debtor, or the Chapter 11 Case.

18.     Lowenstein Sandler, from time to time, may work with, represent, engage, and receive referrals from the attorneys and financial advisors or consultants retained by the Debtor, the various lenders, the Committee or creditors of the Debtor.  Lowenstein Sandler currently works with, and has in the past worked with, the professionals engaged by the Debtor and the other professionals retained by the Committee on matters unrelated to the Debtor and the Chapter 11 Case.

19.     Lowenstein Sandler will not represent any entity other than the Committee in matters related to the Chapter 11 Case.

20.     No promises have been received by Lowenstein Sandler or any member, counsel, or associate thereof as to payment or compensation in connection with the Chapter 11 Case, other than in accordance with the provisions of the Bankruptcy Code.  Lowenstein Sandler does not have an agreement with any other entity to share any compensation received by Lowenstein Sandler in connection with the Chapter 11 Case.

21.     The foregoing constitutes the statement of Lowenstein Sandler pursuant to Bankruptcy Rule 2014.

**STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

22.     As this Court is aware, the Executive Office for United States Trustees ("EOUST") recently adopted the new *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "Appendix B Guidelines").  By their terms, the Appendix B Guidelines "apply to the USTP's review of applications for compensation filed by attorneys in larger chapter 11 Cases," and are

intended as an update to the original Guidelines (the "Appendix A Guidelines") adopted by the EOUST in 1996.  The Appendix A Guidelines have been a part of this Court's local procedures for years.  In other chapter 11 cases where it has been retained, Lowenstein Sandler has filed its fee applications in compliance with the Appendix A Guidelines.

23.     Among other things, the Appendix B Guidelines ask attorneys in larger chapter 11 cases to provide additional documentation and make significant new disclosures in connection with their retention under section 327 and compensation under section 330 of the Bankruptcy Code.  As the Appendix B Guidelines themselves acknowledge, "the Guidelines do not supersede local rules, court orders, or other controlling authority," and it remains to be seen how the Appendix B Guidelines will be incorporated into larger chapter 11 cases.

24.     Lowenstein Sandler intends to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Appendix B Guidelines both in connection with this Application and the interim and final fee applications to be filed by Lowenstein Sandler in the course of its engagement.  It is Lowenstein Sandler's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the EOUST to adopt the Appendix B Guidelines; however, in doing so, Lowenstein Sandler reserves all rights as to the relevance and substantive legal effect of the Appendix B Guidelines in respect of any application for employment or compensation in these cases that falls within the ambit of the Appendix B Guidelines.

## ATTORNEY STATEMENT PURSUANT TO APPENDIX B GUIDELINES

25.     The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Appendix B Guidelines.

Question:     Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:     Yes.  Lowenstein Sandler has agreed to a discount on its fees of 10% and to not bill for travel time, as stated in paragraph 7 above.

-8-

Question:    Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response:    No.

Question:    If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference.

Response:    Lowenstein Sandler did not represent the Committee prior to the Petition Date.

Question:    Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response:    Lowenstein Sandler expects to develop a budget and staffing plan to reasonably comply with the U.S. Trustee's request for information and additional disclosures, as to which Lowenstein Sandler reserves all rights.  The Committee has approved Lowenstein Sandler's proposed hourly billing rates.

I hereby declare under the penalty of perjury that the foregoing statements made by me are true and correct to the best of my knowledge, information and belief.

Dated: March 3, 2026                    _/s/ David M. Posner_____
                                        David M. Posner, Esq.

**SCHEDULE 1**

**POTENTIAL PARTY LIST[3]**

**Debtor**
- SAILORMEN, LLC

**Debtor's Counsel**
- SHRAIBERG PAGE P.A.
- COLE SCHOTZ P.C.

**Office of the United States Trustee Personnel :**
- GUY A. VAN BAALEN, ACTING US TRUSTEE
- HEIDI A. FEINMAN, ASSISTANT UNITED STATES TRUSTEE
- STEVEN D. SCHNEIDERMAN, TRIAL ATTORNEY

**Court Personnel:**
- ROBERT A. MARK, US BANKRUPTCY JUDGE
- MARCY GATELL, JUDICIAL ASSISTANT
- JOSHUA LANPHEAR, LAW CLERK
- JACKIE ANTILLON, COURTROOM DEPUTY

**Creditors**

- 10132 SAN JOSE NS LLC
- 2496 BLANDING BLVD, LLC
- 262-264 W. 26TH MGT. LLC
- 389 ASSOCIATES - SOUTHCHASE
- 404 MIDLAND AVENUE

- 4202 THIRD AVENUE LLC
- 4946 SOUTH 25TH STREET, LLC
- 6110 OAK STREET EASTMAN GA LLC
- 63RD TERRACE, LLC
- A & D WATER SYSTEMS, INC.
- A-1 AIR SOLUTIONS, LLC
- ABOVE ALL ENVIRONMENTAL INC
- ADP, INC
- AFFORDABLE ENVIRONMENTAL SERVICES CORP
- ALL-SAF FIRE PROTECTION INC.
- ALTOCUMULUS
- AMERICAN LEAK (PENSACOLA)
- AMERISERVE COMMERCIAL LLC
- AMPM DOOR SERVICE INC
- ANDRADE ASSOCIATES LIMITED PARTNERSHIP
- APPLE & APPLE, LLC
- AQUATIC WEED CONTROL, INC.
- ARC CAFEHLD001, LLC
- ARCCAFEUSA001, LLC
- ARCP CNL FUNDING 2000-A GP LLC
- ART FAMILY INVESTMENT CORP.
- ASAP PLUMBING(JAX)
- ASSOCIATION OF ROLLING RIVER OWNERS, INC

---

[3]    The parties included on this list (and the categories contained herein) are for purposes of a conflicts check only and should not be relied upon by any party as a list of creditors or for any other purpose. As listing a party once allows our conflicts specialists to run a check on such party, we have attempted to remove duplicate entries where possible. Accordingly, a party that would otherwise fall under multiple categories is likely to be listed under only one category.

- AT&T INTERNET
- AT&T MOBILITY (IL)
- ATRIUM CIRCLE GP
- AUGUST RD, LLC
- COCA COLA USA
- AXIS PORTABLE AIR LLC
- B.O.C.C.
- BAILIWICK SERVICES, LLC
- BANKS SAFE & LOCK CO. INC.
- BIG BEND RESTAURANT SUPPLY
- BLUE DOMINION, LLC
- BRADEN RIVER UTILITIES
- BRUNSWICK-GLYNN COUNTY
- B-THAP, L.C.
- CAPITAL PLUMBING CONTRACTORS
- CDI, LLC
- CENTRAL FOOD EQUIPMENT INC
- CHENEY BROTHERS, INC
- CITY OF ALACHUA
- CITY OF ALMA
- CITY OF APOPKA
- CITY OF APOPKA UTILITIES DEPT.
- CITY OF BAINBRIDGE
- CITY OF BAXLEY
- CITY OF CHIPLEY
- CITY OF COCOA
- CITY OF CRESTVIEW
- CITY OF DEERFIELD BEACH
- CITY OF DEERFIELD BEACH
- CITY OF DELAND
- CITY OF EDGEWATER
- CITY OF FORT LAUDERDALE
- CITY OF GULF BREEZE
- CITY OF JESUP
- CITY OF LAKELAND
- CITY OF LEESBURG
- CITY OF LIVE OAK
- CITY OF MACCLENNY
- CITY OF NORTH MIAMI BEACH
- CITY OF NORTH MIAMI
- UTILITY
- CITY OF PERRY, FLORIDA
- CITY OF PLANT CITY
- CITY OF PORT ORANGE UTILITIES
- CITY OF PORT ST. LUCIE
- CITY OF SANFORD
- CITY OF TAMPA
- CITY OF TAMPA UTILITIES
- CITY OF TAVARES
- CITY OF THOMASVILLE
- CITY OF WAYCROSS
- CITY OF WEST MELBOURNE
- CITY OF WILLISTON
- CITY OF WINTER HAVEN UTILITIES
- CITY OF WINTER PARK
- CLAXTON POULTRY FARMS
- CLAY COUNTY HEALTH DEPT
- CLAY COUNTY UTILITY AUTHORITY
- CLAY ELECTRIC COOPERATIVE, INC
- CLIMATIC MECHANICAL LLC
- CNL FUNDING 2000-A, LP
- FREEDOM HOLDINGS, LLC
- COMCAST
- COMCAST BUSINESS
- COMMERCIAL EQUIPMENT
- COMMODORE PROPERTY MANAGEMENT GROUP LLC
- CONSOLIDATED CONTRACTING & CONSULTING
- COOL MOON AC LLC
- CORDOVA LOCK AND SAFE
- CUMIS SPECIALTY INSURANCE COMPANY
- CURB MASTERS FS LLC
- CUSTOM COMFORT DESIGNS, INC.
- CWH VENICE, LLC
- D & A TECH SOLUTIONS
- DADE METRO LLC
- DATE LABEL CORP

A - 02. Sailormen. Lowenstein Sandler Retention Declaration - 3/3/2026 7:53 AM

- HOLLAND & KNIGHT LLP
- DD & L ASSOCIATES II, LLC
- DE LA HOZ, PEREZ & BARBEITO PA
- DEE'S ELECTRICAL INC
- DOOR STYLES, INC.
- DOUBLEV POOLER LLC
- DTIQ TECHNOLOGIES, INC
- DUKE ENERGY
- DUNN SDC, LLC
- DUVAL STATION PROPERTY OWNERS ASSOCIATIO
- EARTHLINK BUSINESS 1058
- EEMS KEROLLOS, LLC
- EGAN FAMILY TRUST
- EMERALD COAST UTILITIES AUTH
- EMERGENCY ICE DELIVERY LLC
- ENTERA LLC
- EVERON LLC
- F AND L PROPERTIES
- FAIRY PROPERTY GROUP LLC
- FIELD APARTMENTS LLC
- FIRE SPRINKLER SERVICES
- FIRST CHOICE COFFEE
- FIRST POWER GROUP, LLC
- FLI PROPERTIES, LLC
- FLORIDA CITY GAS
- FLORIDA DEPARTMENT OF REVENUE
- FLORIDA PUBLIC UTILITIES CO
- FORTIS RISK SOLUTIONS, LLC
- FOX GLASS ORLANDO INC
- FRANK GAY PLUMBING, INC.
- KEYSTONE
- FREP V- PALM PLAZA, LLC
- GAINESVILLE REGIONAL UTILITIES
- GARDEN CITY UTILITIES DEPARTMENT
- GASKET GUY OF JACKSONVILLE
- GOLDEN ISLES REALTY
- GOLEM DUVAL, LLC
- GRANITE TELECOMMUNICATIONS, LLC
- HALO BRANDED SOLUTIONS, INC.
- HARVEY'S ELECTRIC CO INC
- HEART OF FLORIDA PROPERTIES
- HINESVILLE CITY OF WATER
- HM ELECTRONICS INC
- LEWIS BRISBOIS BISGAARD & SMITH, LLP
- HOLLIS STREET TRUST
- HOSPITALITY RESOURCE SUPPLY INC
- HOWARD N REAL ESTATE INVESTMENTS, LLC
- HS LAND HOLDINGS, LTD.
- HUBBARD PLUMBING
- HUGGINS WASTE SERVICE
- INSIGHT DIRECT USA, INC
- INTERINVEST CO. LLC
- INTERNAL REVENUE SERVICE
- INVESTMENT AAB TWO
- IRIS ASSOCIATES L.P.
- ISRAEL FAMILY REALTY CO. LLC
- IVANCOVICH PROPERTIES
- J 11823 PLANO RD LLC &
- J&P FAMILY L.L.L.P
- JAMES EDWARD
- JAMES F. SIMPSON BACKFLOW
- JEA
- JEAN J. CORNIL
- JENGEO REALTY
- JUDSON STRINGFELLOW
- KAY CHEMICAL COMPANY
- KEITH MCNEILL PLUMBING, INC
- KELLY FOODS JACKSONVILLE
- KELLY'S FOODS(WINTER GARDEN)
- KELLY'S FOODSERVICE TAMPA
- KEYBANK

A - 02. Sailormen. Lowenstein Sandler Retention Declaration - 3/3/2026 7:53 AM

- NORTH ATLANTIC 1710, LLC
- KGGK VENTURE, LLC
- KLUG FAMILY LLC
- LAPENSEE PLUMBING & POOLS
- LAWN IN ORDER
- LAWRENCE MARTIN
- LBJ ALACHUA, LLC
- LDP BAILEY ROAD LLC
- LEEAGLES, LLC
- LEE'S ICE
- OPTIMUM MAINTENANCE SERVICES
- LG ML 1
- LG ML 2, LLC
- LICKETY SPLIT LAWN SERVICE
- LLD FAMILY PROPERTIES II, LLC
- LOGICAL PLUMBING
- LOS COMPADRES LLC
- LR911, LLC
- LUKE STARLIGHT LLC
- MAKE AN IMPACT LLC
- MANATEE COUNTY PUBLIC UTILITIES
- MEDUSA PROPERTIES, INC.
- MERIDIAN WASTE
- MESA CRESTVIEW, LLC
- METRO-ROOTER
- MIAMI-DADE COUNTY INTERNAL COMPLIANCE DE
- MIAMI-DADE WATER & SEWER DEPT
- MIDWAY WATER SYSTEM, INC.
- MIDWEST BADGE CORP
- MILLER SEPTIC TANK SERVICE
- MOCNY LIMITED PARTNERSHIP LLLP
- MQ SERIES INVESTMENTS INC.
- MR. C'S PLUMBING & SEPTIC INC
- MRT, LLC
- N. WASSERSTROM & SONS
- NARITA HOLDINGS, LLC
- NATIONAL READERBOARD

- SUPPLY
- NAVDEEP SINGH & RAJINDER SINGH TRUSTEE
- NEIMON GROUP, LLC
- NINE MILE PLAZA INVESTORS
- NOBLE MANAGEMENT COMPANY
- POPEYES LOUISIANA KITCHEN, INC.
- NU-WAY INDUSTRIES INC
- OFFICE OF ATTORNEY GENERAL
- PRINCIPAL LIFE INSURANCE CO
- ORANGE COUNTY UTILITIES
- ORANGE WAY PROPERTIES LLC
- PANASONIC CONNECT NORTH AMERICA PROFESSI
- PARTS TOWN, LLC
- PAYNE AND SONS LLC
- PERFORMANCE FOOD GROUP - MIDLAND
- PFS ALABAMA
- PHELPS DUNBAR LLP
- PILGRIM'S
- REPUBLIC SERVICES
- POTHOLE HEROES, LLC
- Resturant Brands International
- PRO FIX MULTISERVICES LLC
- PROFESSIONAL IMAGE
- PROMENADE PLAZA PARTNERSHIP
- R FLORIDA CRESCENT, LLC
- R. F.  TECHNOLOGIES  INC
- REALTY INCOME CORPORATION
- ROBERT JOHNSON
- RGS COMMERCIAL LLC
- RIZZY INVESTMENT LLC
- RL INTERNATIONAL INC
- ROOSTER 2 QUINCY PROPERTIES LLC
- RPM SYSTEMS, INC.

-72-

A - 02. Sailormen. Lowenstein Sandler Retention Declaration - 3/3/2026 7:53 AM

- SANFT AND HOLLENBACH, GP
- SAVANNAH REVENUE DEPARTMENT
- SB SAND LLC
- SCHEFSKY FAMILY REVOCABLE TRUST
- SEC HEADQUARTERS
- SECURITIES AND EXCHANGE COMMISSION
- SERVICE PROPERTIES TRUST
- SEVEN SPRINGS TRUST
- SHEPARD BANKS INVESTMENTS LLC
- SIB DEVELOPMENT & CONSULTING INC
- SJCZ LTD
- SO MIAMI KAL-SI-STEM, LLC
- SOUTHEASTERN PROTECTION
- SPIDER GROUP CORP
- STANLEY LOU
- STERITECH GROUP INC
- STNL ADVISORS LLC
- STORE CAPITAL CORPORATION
- STRATACACHE INC
- STREAMLINE FACILITIES SOLUTIONS LLC
- STRICKLAND BROTHERS LLC
- STRONG TO THE FINISH LLC
- SUBURBAN PROPANE LP
- SUE JACK REALTY LLC
- SUMMIT ELECTRICAL CONTRACTORS
- SUMMIT FIRE & SECURITY LLC
- SUWANNEE VALLEY ELECTRIC
- THE RICHARD ESNARD LIVING TRUST
- THE SAN MARINO GROUP
- THE SYGMA NETWORK
- THEA ZIEGAST WEILBA
- TMAMM  LLC
- TNT MECHANICAL
- TOASTER CONNECTION
- TOWN OF CALLAHA

- TRINITY PROPERTIES
- TRY OTTER
- UNITED STATES ATTORNEY GENERAL'S OFFICE
- US ATTORNEY SOUTHERN DISTRICT OF FLORIDA
- VAST PEAK PROPERTY LLC
- VDM LONGWOOD RETAIL, LLC
- VFI KR SPE I LLC
- VISUAL LEASE LLC
- WACHS CAPITAL LIMITED PARTNERSHIP
- WAKULLA COUNTY
- WAYCROSS INVESTMENTS, LLC
- WAYNE COUNTY BOARD OF HEALTH
- WDP ENTERPRISES AT
- WORKSTREAM TECHNOLOGIES, INC
- XENIAL INC
- BMO
- CITIZENS BANK
- WESTERN ALLIANCE BANK
- MANUFACTURERS BANK
- SCANA ENERGY
- BANK OF MONTREAL
- VERALEO, LLC
- HYLAND LAW PLLC
- QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
- MAXIMUS COST REDUCTION
- COSTAR GROUP
- FRANK GAY SERVICES, LLC
- MAC PLUMBING
- TAYLOR FREEZER SALES LLC
- RENTOKIL NORTH AMERICA INC.
- TAYLOR SIGN & DESIGN, INC.
- VFI ABS 2025-1, LLC
- APPLING COUNTY TAX COMMISSIONER
- BACON COUNTY
- BAKER COUNTY TAX

COLLECTOR
- SARASOTA COUNTY TAX COLLECTOR
- BREVARD COUNTY TAX COLLECTOR
- BREVARD COUNTY TAX COLLECTOR
- OSCEOLA COUNTY TAX COLLECTOR
- CITY OF BRUNSWICK
- CHARLTON COUNTY TAX COLLECTOR
- CHATHAM COUNTY TAX COMMISSIONER
- CITY OF HOMERVILLE
- CITY OF JESUP
- CITY TREASURER - CITY OF SAVANNAH
- CLINCH COUNTY
- COLUMBIA COUNTY TAX COLLECTOR
- DESOTO COUNTY TAX COLLECTOR
- DIANE HUTCHING TAX COLLECTOR CLAY COUNTY
- DORIS MALOY TAX COLLECTOR LEON COUNTY
- DUVAL COUNTY TAX COLLECTOR
- ESCAMBIA COUNTY TAX COLLECTOR
- GADSDEN COUNTY TAX COLLECTOR
- GEORGE ALBRIGHT TAX COLLECTOR MARION COUNTY
- GLYNN COUNTY TAX COMMISSIONER
- GRADY COUNTY TAX COMMISSIONER
- JEFF DAVIS COUNTY TAX COMMISSIONER
- JOE G. TEDDER TAX COLLECTOR POLK COUNTY
- JOHN M. DREW
- JOHN POWER TAX COLLECTOR

ALACHUA COUNTY
- JR KROLL TAX COLLECTOR SEMINOLE COUNTY
- KEN BURTON JR TAX COLLECTOR MANATEE COUNTY
- LAKE COUNTY TAX COLLECTOR
- LEVY COUNTY TAX COLLECTOR
- LIBERTY COUNTY TAX COMMISSIONER
- LOWNDES COUNTY TAX COMMISSIONER
- MADISON COUNTY TAX COLLECTOR
- MARK HARRELL DECATUR COUNTY T.C.
- MARK WIGGINS TAX COLLECTOR TAYLOR COUNTY
- MIAMI-DADE COUNTY TAX COLLECTOR
- NANCY C MILLAN TAX COLLECTOR HILLSBOROUGH COUNTY
- OKALOOSA COUNTY TAX COLLECTOR
- PUTNAM COUNTY TAX COLLECTOR
- SCOTT RANDOLFPH TAX COLLECTOR ORANGE COUNTY
- ST LUCIE COUNTY TAX COLLECTOR
- STAN COLIE NICHOLS, SANTA ROSA COUNTY TAX COLLECTOR
- SUWANNEE COUNTY TAX COLLECTOR
- TERESA G. PHILLIPS, CFC, TAX COLLECTOR
- THOMAS COUNTY OFFICE OF TAX COMMISSIONER
- THOMASVILLE CITY SCHOOL TAX
- VOLUSIA COUNTY TAX

-74-

COLLECTOR
- WAKULLA COUNTY TAX COLLECTOR
- WARE COUNTY TAX COMMISSIONER
- WASHINGTON COUNTY TAX COLLECTOR
- WAYNE COUNTY TAX COMMISSIONER

A - 02. Sailormen. Lowenstein Sandler Retention Declaration - 3/3/2026 7:53 AM

**SCHEDULE 2**

| Entity | Relationship to Debtor[1] | Relationship to Lowenstein Sandler |
|---|---|---|
| Holland & Knight | Creditor | Current client of Lowenstein Sandler in wholly unrelated matters. |
| Lewis Brisbois Bisgaard & Smith, LLP | Creditor | Current client of Lowenstein Sandler in wholly unrelated matters. |
| The Sygma Network/Sysco | Creditor | Current client of Lowenstein Sandler in wholly unrelated matters. |
| City of Leesburg | Creditor | City of Leesburg Retirement Plan for General Employees is a closed client of Lowenstein Sandler |
| Verizon Wireless | Creditor | Current client of Lowenstein Sandler in wholly unrelated matters. |
| City of Fort Lauderdale General Employee's Retirement System | Creditor | Closed client of Lowenstein Samdler. |
| Jacksonville Electric Authority | Creditor | Closed client of Lowenstein Samdler. |
| St. Lucie County Fire District Firefighters' Pension Trust Fund | Creditor | Closed client of Lowenstein Samdler. |
| AT&T Group | Creditor | AT&T Group is a member of a group of potentially responsible parties in an environmental litigation matter being handled by Lowenstein Sandler, wholly unrelated to this Chapter 11 Case. |
| Waste Management | Creditor | Waste Management is a member of a group of potentially responsible parties in an environmental litigation matter, wholly unrelated to this Chapter 11 Case. |

---

[1] This schedule is provided for disclosure purposes only and uses the Debtor's description of the relationship to the Debtor, where available. Accordingly, the Committee expressly reserves the right to supplement or amend this schedule. The Committee further expressly reserves all rights, including, without limitation, with respect to the nature, extent, priority, and validity of any party's alleged lien or claim.

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

SAILORMEN, INC.,[1]                                   Case No**:** 26-10451 (RAM)


              Debtor.                                  Chapter 11

                                          /

## ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF LOWENSTEIN SANDLER LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF FEBRUARY 17, 2026

Upon consideration of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor (the "Debtor") for authorization to employ and retain Lowenstein Sandler LLP ("Lowenstein Sandler") to serve as counsel for the Committee, effective as of February 17, 2026; and upon consideration of the *Declaration of David M. Posner, Esq. in Support of Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Lowenstein Sandler LLP as Counsel, Effective as of February 17, 2026*; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157; and the Court having found that venue of the Chapter 11 Case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the

---

[1]   The Debtor in this chapter 11 case and the last four digits of its federal tax identification number are Sailormen, Inc. (5214). The location of the Debtor's corporate headquarters and the Debtor's service address in this chapter 11 case is Miami, Florida.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Application has been given as set forth in the Application and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that Lowenstein Sandler does not hold or represent an interest adverse to the Debtor's estate, and is a disinterested person under section 101(14) of the Bankruptcy Code; and the Court having found that the employment and retention of Lowenstein Sandler is necessary and in the best interest of the Committee; and after due deliberation and sufficient cause appearing therefor,

It is hereby **ORDERED** as follows:

1.       The Application is approved as set forth herein.

2.       Pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, the Committee is authorized and empowered to employ and retain Lowenstein Sandler, effective as of February 17, 2026, to serve as its counsel in the Chapter 11 Case.

3.       Lowenstein Sandler shall apply for professional services rendered and reimbursement of expenses incurred, at its ordinary and customary rates, as may be adjusted from time to time, in connection with the Chapter 11 Case in compliance with applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Rules, Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases, and such other applicable procedures and orders of this Court.

4.       Lowenstein Sandler also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013* (the

"Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Lowenstein Sandler in the Chapter 11 Case.

5.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      This Court shall retain jurisdiction over any and all matters arising from or relating to the interpretation of implementation of this Order.

###

Submitted by:
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Eric J. Silver, Esq.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
 Facsimile: (305) 789-2688
E-mail: esilver@stearnsweaver.com

 (*Attorney Silver is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.*)