UNITED STATES BANKRUPTCY COUR-T
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-10451-RAM

IN RE:

CHAPTER 11 CASE

SAILORMEN, INC.

Debtor.

_____/

**CREDITOR FIELD APARTMENTS, LLC'S
MOTION FOR ORDER DIRECTING DEBTOR TO ASSUME OR REJECT
LEASE, TO CURE OR PROVIDE ADEQUATE ASSURANCE
OF CURE OF BREACH OF NONMONETARY LEASE PROVISION,
AND FOR ADDITIONAL RELIEF**

**INTRODUCTION:**

Pursuant to 11 U.S.C. §365(a)  Field Apartments, Movant/Landlord, moves for an order directing that the Debtor/Tenant assume or reject the commercial lease between the parties forthwith.  In the event that Debtor proceeds to assume the lease, such assumption should be conditioned on the Debtor's cure of a default in the terms of the lease or adequate assurance that Debtor will promptly cure such default.  11 U.S.C. §365(b)(1).  The default which is the subject of this motion is nonmonetary in nature, as is the cure which the  Movant/Landlord requests as a condition of the assumption of the lease.  Specifically, the Debtor has defaulted in the lease by failing to comply with its obligation to maintain and repair the premises.  As a result, a Fort Lauderdale code inspector issued a "notice of violations", which was subsequently followed by the entry of a final order by

the Fort Lauderdale Special Code Enforcement Magistrate.  The final order included (a) a finding of code violations at the premises, and (b) a directive that the violations be cured by March 26.

Movant/Landlord, as cure for the breach of lease, seeks compliance by the Debtor with its obligation to repair and maintain the premises - an obligation which is implicitly acknowledged by Debtor in its budget (ECF #170, at page 8, includes a line item for repairs and maintenance).

**STATEMENT  OF FACTS:**

1.      Movant FIELD APARTMENTS, LLC is the Owner/Lessor of real property located at 1355 W. Sunrise Boulevard, Fort Lauderdale, Florida 33335 (herein also described as "the premises").  Debtor is the Lessee of such property pursuant to a lease dated 04/01/1993 ("Business Lease"), which was thereafter amended on 10/01/1993 ("Amendment to Business Lease"), and again on 06/01/2021 ("Second Amendment to Business Lease").  The lease and two amendments are attached hereto as Composite Exhibit 1.

2.      The Debtor/Lessee operates a fried-chicken fast-food restaurant franchise of "Popeye's Famous Fried Chicken" at the premises.

3.      Pursuant to Article Nine of the lease ("Maintenance of Leased Premises"), Debtor is obligated to maintain and repair the premises.  Such paragraph provides, in relevant part, as follows:

> The Lessee shall, at its own expense, during the entire term of this lease and all extensions thereof, make all necessary repairs and replacements to the leased premises including ... all equipment, appliances and appurtenances on, in or about the premises or used in connection therewith, sidewalks, curbs, parking areas and landscaped areas. Lessee's obligation includes maintenance of walls and the roof. Such repairs and replacements, interior and exterior, ordinary as well as extraordinary, shall be made promptly as and when necessary, at the expense of and shall be timely paid for by the Lessee. All repairs and replacement work shall be of the quality and class at least equal to the original work.

(Article Nine also provides that "If Lessee shall default in making repairs and properly maintaining the premises, then Lessor may do so and shall charge the same to Lessee as rent, which monies shall then immediately become due and payable when billed to the Lessee by Lessor).

4. Debtor is in breach of its obligation to maintain and repair the premises. As a result of such breach, a document titled "notice of violation and notice of hearing" was issued by Fort Lauderdale's code enforcement department and served on Lessor on or about January 6, 2026. A copy is attached as Exhibit 2 and its contents are incorporated herein.

5. On January 19, 2026 Field Apartments, LLC served the debtor with a notice requiring the Debtor to cure the violations within 30 days. A copy of the "notice to cure" is attached as Exhibit 3.

6. On February 4, 2026, the City of Fort Lauderdale's Code Enforcement Special Magistrate entered a final order finding that the premises were in violation of Chapter 47 of the Code of Ordinances of the

City of Fort Lauderdale, and directing that the conditions listed below be cured by March 26, 2026:

> THE BUFFER WALL ON THE PPOPERTY FACING NW 10 PLACE NEEDS REPAIR.  THE WALL IS CRACKED AND IS LEANING/FALLING OVER

> THERE ARE PARKING FACILITIES THAT ARE NOT MAINTAINED AT THIS PROPERTY.  THERE ARE CRACKS, HOLES, AND THE PARKING LOT NEEDS TO BE RESTRIPED AND RESURFACED.

A copy of the final order of the Special Magistrate is attached as Exhibit 4.

7.      On February 11, 2026, undersigned counsel sent a letter (via email)  to counsels for debtor advising as to the code violations and inquiring as to the Debtor's intentions concerning the lease and concerning the necessary repairs, and advising that it is debtor's responsibility to maintain.  A copy of the letter and accompanying documents is attached as Composite Exhibit 5.

8.      The debtor has failed to repair the parking lot or the buffer wall as required by the inspector and as directed by the Special Code Enforcement Magistrate, despite the fact that, under the lease, it is Debtor's duty to do so.  Debtor and its counsels have never responded to the notice to cure or  to the letter from undersigned counsel.

**ARGUMENT AND RELIEF REQUESTED:**

9.      The Debtor's failure or refusal to cure the code violations is a nonmonetary breach of the lease and it is ongoing.  (While the debtor has

also breached the lease by failing to pay pre-petition rents, this motion does not  seek to remedy such breach).

10.    Code enforcement violations are matters within a government unit's "police and regulatory power".  As such, code enforcement proceedings are exempt from the automatic stay.  11 U.S.C. §362(b)(4). "The policy of the Code  is to permit regulatory, police and  criminal actions to proceed in spite of section 362(a)(1) and to permit enforcement of resulting judgments or orders, other than money judgments, in spite of section 362(a)(2)." .....  "To determine whether an action is excepted from the automatic stay as a police or regulatory power action or simply a collection action ..." it must be determined whether the purpose is public safety and welfare or to effectuate public policy.  Collier on Bankruptcy, Section 362.05[5][a].

11.    The Movant/Landlord is not, of course, a government unit. However, the breach of the lease (failure to maintain the parking lot and buffer wall) which Movant/Landlord wants for Debtor to cure (forthwith), is *coextensive* with the code violations which the Special Code Enforcement Magistrate of the City of Fort Lauderdale has ordered to be cured.  The fact that matters of public safety and welfare may be prosecuted by a government unit against a Debtor, without the hindrance of the automatic stay, reflects the importance afforded to such matters as a matter of policy. In this cause, the fact that it is not a government unit, but rather the

Movant/Landlord FIELD APARTMENTS, LLC, who is moving the Court to require the Debtor to comply with its obligation to make repairs (and thereby cure the code violations) as a condition of assuming the lease, should not diminish the importance and essential nature of the Debtor's obligation, as both Debtor and Tenant, to maintain the premises.  "... [A] debtor in possession, shall manage and operate the property in his possession ... according to the requirements of the valid laws of the State in which such  property is situated,  in the same manner that the owner that the owner or possessor thereof would be bound to do if in possession thereof."  28 U.S.C. §959.

12.    Debtor's failure to comply with its obligation to maintain the premises imposes an undue burden on Movant/Landlord FIELD APARTMENTS, LLC.  Since Movant, as owner, has been directed to make the repairs and cure the code violations, Movant is exposed to being fined by the City of Fort Lauderdale if the code violations are not corrected by March 26, and/or to having the City of Fort Lauderdale make the repairs and then record a lien against the premises for the cost of the repairs (and the amount of the fines).  (The Movant/Landlord's situation is made much more difficult as a result of the fact that the Debtor failed to pay Movant pre-petition rents over a period of many months and that Movant is

prohibited by the automatic stay from taking possession of the premises.

Movant/Landlord has filed a proof of claim, docketed as Claim 29).

13.    Movant/Landlord FIELD APARTMENTS, LLC,  requests that the

Court order the Debtor to assume or reject the lease forthwith.

The Debtor was first served with notice of the code violations over 1 ½

months prior to the filing of this motion; this is in addition to the fact that

the Debtor had prior knowledge of the code violations because Debtor is in

full  and exclusive possession of the premises.  As stated earlier, the Debtor

has done nothing in response to the "notice to cure" served by

Movant/Landlord or the letter sent by undersigned counsel to Debtor's

attorneys.

14.    Assuming that the Debtor intends to assume  the lease,

pursuant to 11 U.S.C. §365(b)(1), the Debtor must "cure" its default in the

terms of the lease by either repairing the parking lot and "buffer wall" as

directed by the Special Code Enforcement Magistrate *forthwith*, or provide

adequate assurance that the default will be promptly cured.

Movant/Landlord submits that "adequate assurance of a prompt cure"

means that the Debtor will have available, within 24 hours of the hearing on

this motion, an executed contract or binding agreement  with a contractor

who is qualified and duly licensed to commence the required work  and

which provides that the work shall commence within 7 days or less, that the

Debtor will pay any permit fees due to the City of Fort Lauderdale prior to

commencement of the work, and that the premises, upon completion of the repair work, will pass inspection. The Debtor must also compensate Movant/Landlord for any pecuniary loss resulting from the Debtor's breach of lease, including, but not limited to, payment for any fines which may be imposed on Movant by the Fort Lauderdale Special Code Enforcement Magistrate, payment of any monies which the Movant may have to expend in making repairs (under the lease, such are chargeable as rent) and provide adequate assurance of future performance under the lease.

WHEREFORE, Movant/Landlord FIELD APARTMENTS, LLC requests that this Court enter an order

a. directing the debtor to assume or reject the lease between the parties forthwith,

b. that, assuming the Debtor intends to assume the lease, such assumption of the lease be conditioned on the cure of the breach of lease or adequate assurance that Debtor will promptly cure, in accordance with the terms set forth at paragraph 14 above, and including compliance with Chapter 47 of the Code of Ordinances of the City of Fort Lauderdale

c. that Debtor compensate Movant/Landlord for any and all pecuniary loss,

d. that Debtor provide adequate assurance of future performance,

e.      that the Court retain jurisdiction to enforce the terms of any order directing the Debtor to cure or provide adequate assurance that it will cure the defaults which are the subject of this motion,

f.      such additional relief as is just and equitable.

## CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)(1)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing notice of appearance was served on March  11, 2026 **via the Bankruptcy Court's electronic noticing** on all interested parties including Samuel W. Hess, Esq., counsel for the Debtor; Eric S. Pendergraft, Esq., counsel  for the Debtor;  Luis Salazar, Esq., counsel for the Debtor, Bradley S. Shraiberg, Esq,, counsel for the Debtor; Steven D. Schneiderman, Esq., Counsel for the Office of the U.S. Trustee; Erik J. Silver, counsel for the Committee of Unsecured Creditors,

**and via U.S. Mail** on Sailormen, Inc., Debtor, 9200 South Dadeland Blvd. Suite 600,  Miami, FL  33156;  Paul J. Battista, Esq., Counsel for Popeye's Louisiana Kitchen, Inc.  801 Brickell Avenue, Suite 1500, Miami, FL  33131;

and Glenn D. Moses, Esq., counsel for Popeye's Louisiana Kitchen, Inc.  801

Brickell Avenue, Suite 1500, Miami, FL  33131.

Respectfully submitted,


BY /S/_____
Gail M. Ruiz, Esq.,
Fla. Bar #490271
Law Offices of Gail M. Ruiz, PLLC
Attorney for Creditor/Lessor
FIELD APARTMENTS, LLC
815 Ponce de Leon Boulevard,
2nd floor
Coral Gables, FL  33134
Telephone: (305) 447-1600
e-mail:  gailruiz@att.net