UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| SAILORMEN, INC., | Case No. 26-10451-RAM |
| Debtor. | |

_____/

| | |
|---|---|
| MARK REINERI and JONATHAN MARMOLEJOS, | Adv. Pro. No. 26-01090-RAM |
| Plaintiffs, | |
| v. | |
| SAILORMEN, INC., and BMO BANK, N.A., as Administrative Agent of the Lender Parties, | |
| Defendants. | |

_____/

**MOTION TO APPROVE SETTLEMENT WITH ADVERSARY PLAINTIFFS MARK REINERI AND JONATHAN MARMOLEJOS**

Sailormen, Inc. ("**Sailormen**" or "**Debtor**"), pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Fed. R. Bankr. P. 9019, respectfully requests that this Court approve the settlement between Debtor and the Adversary Plaintiffs Mark Reineri and Jonathan Marmolejos (collectively, the "**Plaintiffs**"), and state:

## I.  PRELIMINARY STATEMENT

1. After the Court's decision on Plaintiffs' *Emergency Motion for Preliminary Injunction* [Adv. ECF No. 2], the parties conferred and have agreed to an imminently reasonable resolution of their dispute: (i) the Plaintiffs have agreed to dismiss their adversary proceeding complaint against Sailormen, with prejudice; (ii) Sailormen has agreed to dismiss, with prejudice,

1

solely the specific claims for breach of the Separation Agreement and Release as pleaded in its Counterclaim against the Plaintiffs, but that dismissal shall not prejudice or otherwise affect any other rights, claims, or defenses that Sailormen may have against the Plaintiffs on any other grounds; and (iii) the Plaintiffs shall withdraw their proofs of claim filed in the Debtor's bankruptcy case, specifically Claim No. 144 filed by Mark Reineri and Claim No. 145 filed by Jonathan Marmolejos.

2.      Sailormen and the Plaintiffs have agreed that each party will bear its respective fees and expenses.

3.      In light of the foregoing, Sailormen respectfully requests that the Court approve the parties' settlement.

## II.      BACKGROUND

### A.      The Adversary Complaint.

4.      On March 13, 2026, Plaintiffs filed their *Adversary Complaint Seeking Declaratory Judgment that the Employee Retention Tax Credits are Not Property of the Estate* [Adv. ECF No. 1], seeking a determination as to the ownership of certain Employee Retention Tax Credits ("**ERTC**") as against Sailormen and BMO (collectively, the "**Adversary Defendants**").

5.      On the same date, Plaintiffs filed their *Emergency Motion for Preliminary Injunction* [Adv. ECF No. 2] (the "**Preliminary Injunction Motion**"), requesting that the Court enjoin Sailormen from using more than 60% of the approximately $12,823,455 in ERTC funds and require that such funds be maintained in a segregated escrow account.

6.      On April 15, 2026, BMO filed its *Answer and Counterclaim of Defendant BMO Bank, N.A., as Administrative Agent* [Adv. ECF No. 33] (the "**BMO Counterclaim**"), asserting

that, in the event Plaintiffs obtained possession of the ERTC funds, BMO would be entitled to such funds as collateral for the prepetition secured parties.

7.      On April 21, 2026, Sailormen filed its *Amended Answer and Counterclaim to Plaintiffs' Adversary Complaint Seeking Declaratory Judgment that the Employee Retention Tax Credits are not Property of the Estate* [Adv. ECF No. 45] (the "**Sailormen Counterclaim**"), alleging that Plaintiffs knowingly and intentionally breached the release and covenant not to sue contained in their respective Separation Agreements and Releases and seeking damages in the form of attorney's fees.

8.      Following an evidentiary hearing on the Preliminary Injunction Motion, the Court entered its *Order Denying Plaintiffs' Emergency Motion for Preliminary Injunction* [Adv. ECF No. 77] on April 29, 2026.

**B.      The Settlement.**

9.      Pursuant to the terms of the Settlement (i) the Adversary Plaintiffs have agreed to dismiss their case against Sailormen, with prejudice, (ii) Sailormen has agreed to dismiss, with prejudice, solely the specific claims for breach of contract and attorney fees reimbursement as pled in the Sailormen Counterclaim against the Plaintiffs.  That dismissal is limited to the legal theories and factual allegations set forth in the Sailormen Counterclaim and does not constitute an adjudication on the merits of, or otherwise prejudice, any other claim, cause of action, or defense that Sailormen may have against the Plaintiffs on any other grounds; (iii) the Plaintiffs shall withdraw their proofs of claim filed in the Debtor's bankruptcy case, specifically Claim No. 144 filed by Mark Reineri and Claim No. 145 filed by Jonathan Marmolejos; and (iv) Sailormen and the Plaintiffs have agreed that each party will bear its respective fees and expenses.

### III.   LEGAL ARGUMENT

10.     The proposed Settlement represents a reasonable and sound exercise of Sailormen's business judgment and warrants approval.  The Settlement was negotiated at arm's length and is consistent with the strong public policy favoring the consensual resolution of disputes.[1]

11.     Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement." Moreover, "[i]t is generally recognized that the law favors compromise of disputes over litigation for litigation sake," and settlements should be approved unless they "fall below the lowest point in the range of reasonableness."[2]

12.     In evaluating a proposed settlement, a bankruptcy court must "determine whether the proposed settlement is fair and equitable."[3]  The Eleventh Circuit has identified four factors to assist bankruptcy courts in determining whether a settlement proposal meets the appropriate standard.[4]  These factors are as follows: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.[5]  Each of these factors supports approval of the Settlement.

13.     With respect to the first factor, although Sailormen believes it has strong arguments on the merits, the outcome of the litigation is inherently uncertain.  Plaintiffs dispute the

---

[1] *In re Grau*, 267 B.R. 896, 899 (Bankr. S.D. Fla. 2001).
[2] *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993).
[3] *GMGRSST, Ltd. v. Menotte (In re Air Safety Int'l, L.C.)*, 336 B.R. 843, 852 (S.D. Fla. 2005).
[4] *Id.*
[5] *See Wallis v. Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990).

applicability of the Separation Agreements and Releases at issue, creating a genuine risk of an adverse result. This uncertainty weighs in favor of approval of the Settlement.

14. As to the second factor, even if Sailormen were to prevail, any recovery of attorneys' fees or damages would be subject to collection risks, and Plaintiffs would be expected to contest any such efforts. These potential difficulties further support approval of the Settlement.

15. The third factor also favors approval. Continued litigation would entail significant additional expense, inconvenience, and delay. The issues presented involve complex factual and legal questions and litigating them through conclusion would require substantial resources without any guarantee of success.

16. Finally, the Settlement serves the paramount interests of creditors. It resolves Plaintiffs' claims to more than $12 million in ERTC funds currently held by Sailormen, as well as to potential additional funds that could total up to $21 million. By eliminating these claims and avoiding further litigation costs, the Settlement preserves estate resources and prevents unnecessary depletion of assets that could otherwise benefit creditors. Accordingly, approval of the Settlement promotes, rather than diminishes, the value of the estate.

17. In light of the foregoing, the Settlement satisfies the *Justice Oaks* factors and is fair, equitable, and in the best interests of the estate and its creditors. The Court should therefore approve the Settlement.

## IV. CONCLUSION

**WHEREFORE**, Debtor Sailormen, Inc. respectfully requests that the Court enter an Order, substantially in the form attached hereto as *Exhibit A*, approving the Settlement among Debtor, Mark Reineri, and Jonathan Marmolejos, and granting such other and further relief as the Court deems just and proper.

Dated: May 5, 2026.

Respectfully submitted,

**COLE SCHOTZ, P.C.**
*Attorneys for the Defendant Sailormen, Inc.*
2121 SW 3rd Ave, Suite 200
Miami, FL 33129
Telephone: 305-374-4848
Email: lsalazar@coleschotz.com
Email: JCeide@coleschotz.com
Secondary Email: Alee-Sin@coleschotz.com
Secondary Email: CS-eservice-miami@coleschotz.com

By: */s/ Luis Salazar*
　　　Luis Salazar
　　　Florida Bar No. 147788
　　　Jose Ceide
　　　Florida Bar No. 15937

-and-

1201 Wills Street, Suite 320
Baltimore, MD 21231
Telephone: 410-230-0660
Facsimile: 410-406-6067
Gary H. Leibowitz, Esq. (admitted *pro hac vice*)
Maryland Bar No. 24717
Email: GLeibowitz@coleschotz.com
Irving Walker, Esq. (admitted *pro hac vice*)
Maryland Bar No. 00179
Email: IWalker@coleschotz.com
H.C. Jones, III, Esq. (admitted *pro hac vice*)
Maryland Bar No. 20064
Email: HJones@coleschotz.com
Natalie Gibson (admitted *pro hac vice*)
Maryland Bar No. 31350
Email: Ngibson@coleschotz.com

-and-

Bradley S. Shraiberg
Florida Bar No. 121622
Samuel W. Hess
Florida Bar No. 1044184
**SHRAIBERG PAGE, P.A.**
*Attorneys for the Debtor Sailormen, Inc.*
2385 NW Executive Center Drive, Suite 300

Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law
Email: shess@slp.law

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this day, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all counsel of record and interested parties via CM/ECF to those registered to receive Notices of Electronic Filing generated by CM/ECF.

*/s/ Luis Salazar*
Luis Salazar

8

# EXHIBIT A

# PROPOSED ORDER APPROVING SETTLEMENT

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11

SAILORMEN, INC.,                                          Case No. 26-10451-RAM

     Debtor.

_____/

MARK REINERI and JONATHAN                                Adv. Pro. No. 26-01090-RAM
MARMOLEJOS,

     Plaintiffs,

v.

SAILORMEN, INC., and BMO BANK, N.A.,
as Administrative Agent of the Lender Parties,

     Defendants.

_____/

**ORDER APPROVING SETTLEMENT WITH ADVERSARY PLAINTIFFS MARK
REINERI AND JONATHAN MARMOLEJOS**

     **THIS MATTER** came before the Court for hearing on May \_\_, 2026 (the "**Hearing**"),

upon the *Motion to Approve Settlement with Adversary Plaintiffs Mark Reineri and Jonathan*

*Marmolejos* [ECF No. ___], (the "**Motion**") filed by Sailormen, Inc. ("**Sailormen**" or "**Debtor**"). For the reasons stated on the record at the Hearing, and being otherwise fully advised in the premises, it is

      **ORDERED AND ADJUDGED** that:

1.      The Motion is **GRANTED**, and the Settlement set forth therein is **APPROVED** in all respects.

2.      Pursuant to the Settlement, the Adversary Plaintiffs, Mark Reineri and Jonathan Marmolejos (collectively, the "**Adversary Plaintiffs**"), shall dismiss *with prejudice* their *Adversary Complaint Seeking Declaratory Judgment that the Employee Retention Tax Credits are Not Property of the Estate* [Adv. ECF No. 1] as against Sailormen.

3.      Sailormen, Inc. shall dismiss with prejudice solely the specific claims for breach of the Separation Agreement and Release and for attorneys' fees as damages, as pleaded in its Amended Answer and Counterclaim [Adv. ECF No. 45], against Mark Reineri and Jonathan Marmolejos.  That dismissal is limited to the specific legal theories and factual allegations set forth in Adv. ECF No. 45 and shall not constitute, and shall not be construed as, a general release or an adjudication on the merits of any other claim, cause of action, or defense that Sailormen, Inc. may have against Mark Reineri, Jonathan Marmolejos, or any other party on any other grounds, whether known or unknown, even if such claim, cause of action or defense could have but was not pled or asserted in this adversary proceeding. Sailormen, Inc. expressly reserves, and does not remise, release or waive, all such rights, claims, and defenses not specifically dismissed herein.

4.      Mark Reineri shall withdraw Proof of Claim No. 144, and Jonathan Marmolejos shall withdraw Proof of Claim No. 145, each filed in the Debtor's bankruptcy case, Case No. 26-10451-RAM.  Such withdrawals shall be filed **within seven (7) days of entry of this Order**.

5.     The parties shall each file the foregoing stipulations of dismissal *with prejudice* **within seven (7) days of entry of this Order**. The stipulation shall provide that each party will bear its respective fees and expenses.

6.     Debtor is authorized to take all actions necessary and appropriate to implement, consummate, and perform the terms of the Settlement.

7.     This Court retains jurisdiction to interpret, implement, and enforce this Order and the Settlement.

###

Submitted by:

Luis Salazar, Esq.
COLE SCHOTZ P.C.
2121 SW 3rd Avenue, Suite 200
Miami, Florida 33129
Telephone: (305) 374-4848
Email: LSalazar@coleschotz.com

*(Attorney Salazar shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*