UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                                      Chapter 11

Sailormen, Inc.                                            Case No. 26-10451 RAM

              Debtor.

                 .                     /

**UNITED STATES TRUSTEE OBJECTION TO DEBTOR'S EXPEDITED MOTION TO <u>APPROVE KEY EMPLOYEE INCENTIVE PLAN</u>**

COMES NOW the United States Trustee for Region 21 ("U.S. Trustee") in furtherance of the administrative duties imposed pursuant to 28 U.S.C. § 586(a) and submits the following Objection to the Debtor's Expedited Motion to Approve Key Employee Retention Plan ("KEIP") (the "Motion") (Dkt. No. 469) and in support thereof states as follows:

**<u>BACKGROUND</u>**

1.      On January 15, 2026, Sailormen, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.      The Debtor owns and operates approximately 136 Popeye's Chicken franchise locations in Florida and Georgia (17 stores closed pre filing).

3.      A Committee of Unsecured Creditors was appointed on February 12, 2026 (Dkt. No. 167).

4.      The meeting of creditors, pursuant to § 341 of the Bankruptcy Code, was held and concluded on February 20, 2026 (Dkt. No. 218).

5.      On March 3, 2026, the Debtor filed an Expedited Application to Employ Peak

Franchise Capital LLC as Investment Banker to market and sell the remaining store locations (Dkt. No. 288).

6.      On March 13, 2026, the Debtor filed a Motion to Sell Free and Clear of Liens (Motion for Entry of an Order (I) Approving Bidding Procedures for the Sale of All or Substantially All Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Approving the Form of Asset Purchase Agreement; (III) Authorizing the Debtor to Enter Into Stalking Horse Agreements and Approving Bid Protections for Any Stalking Horse Bidders; (IV) Approving Procedures for Assumption and Assignment of Executory Contracts and Unexpired Leases; (V) Scheduling an Auction for, and Hearing to Approve, the Sale of All or Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Interest; (VI) Approving the Form and Manner of Sale Notice; and (VII) Granting Related Relief (Dkt. No. 330).

7.      The sale hearing is scheduled for June 18, 2026, and as stated in the Motion, the Debtor is seeking "approval of the KEIP to ensure that the Debtor's key employees are incentivized to deliver their best performances throughout the sale process".

8.      In concept, the Debtor's proposed KEIP is rather straightforward and has two components for a total of $750,000 payable in varying amounts to 15 named recipients.

9.      The KEIP is really two separate plans, one tied to sales and the other tied to maintaining costs, each independent of the other and each plan having a payout of $375,000.

10.     As presented, the Motion provides as follows:

Under the KEIP, the KEIP Participants shall be entitled to payment of up to $750,000.00 (the "KEIP Pool") upon the Debtor reaching certain milestones (the "KEIP Milestones"). The KEIP Participants shall be entitled to 50% ($375,000) of the KEIP Pool if the Debtor exceeds $3.90 million in average net weekly store level sales through the closing of the auction of the Debtor's assets (the "Sales

Milestone"). The Sales Milestone does not account for any rebates and may be adjusted for any store closures which occur prior to the auction. The KEIP Participants shall further be entitled to 50% ($375,000) of the KEIP Pool if the Debtor maintains a combined prime cost—defined as the sum of cost of goods sold and labor costs as a percentage of net sales—at or below 57.0% through the closing of the auction of the Debtor's assets (the "Prime Cost Milestone"). For the purposes of the Prime Cost Milestone, cost of goods shall include the cost of chicken, other food, vendor discounts, shortening, and paper, consistent with the Debtor's financial statements. Labor costs shall include all restaurant-level hourly and management labor costs. The Prime Cost Milestone shall be measured on a cumulative basis through the closing of the auction of the Debtor's assets.

## A.    The Statutory Framework

11.    Section 503(c)[1] strictly limits the payment of retention bonuses to insiders and also prohibits transfers outside the ordinary course of business unless justified by the facts and circumstances of the case.

12.    Section 503(c) establishes specific evidentiary standards that must be met before a bankruptcy court may authorize payments made to an insider for the purpose of inducing such person to remain with a debtor's business.  See  In re Dana Corp., 351 B.R. 96, 100 (Bankr. S.D.N.Y. 2006) ("Dana I").  Sections 503(c)(1) and (2) have been described as "high hurdles to clear if payments are primarily designed for retention." In re Global Home Prods., LLC, 369 B.R. 778, 785 (Bankr. D. Del. 2007).

13.    For purposes of this Objection, and although two of the proposed recipients are insiders,  the U.S. Trustee is not challenging the nature of the bonus program as a  key employee incentive plan as opposed to a key employee retention plan under § 503(c)(1)[2] but does object to

---

[1] Unless otherwise indicated, all statutory references pertain to title 11 of the United States Code (the "Bankruptcy Code").

[2] Specifically, under § 503(c)(1), a retention-type obligation incurred for the benefit of an insider,

the KEIP pursuant to § 503(c)(3).

14.    Section 503(c)(3) prohibits other transfers or obligations outside the ordinary course of business and "not justified by the facts and circumstances of the case." 11 U.S.C. § 503(c)(3).  The Debtor fails to demonstrate that the proposed bonus payments are appropriate under § 503(c)(3) and are nothing more than payments for remaining with the Debtor during the 9 week sale process instead of incentivizing the recipients to meet performance goals.

**B.    The Bonuses Are Not Justified Under § 503(c)(3)**

15.    The Debtor must demonstrate that the proposed bonuses are "justified by the facts and circumstances of the case" and are "necessary" to preserve the value of the estate.  The standard employed under § 503(c)(3) for approving a non-ordinary course incentive program is not only whether the debtor has exercised its sound business judgment, but whether  the payments serve the interests of creditors and the debtor's estate. See In re Fountainbleau Las Vegas Holdings, Case 09-21481-BKC-AJC (Bankr. S.D. Fla. December 14, 2009, (Dkt. No. 1354); In re Pilgrim's Pride Corp., 401 B.R. 229, 236 (Bankr. N.D. Texas 2009); but see  In re Dana Corp., 358 B.R. 567, 576 (Bankr. S.D.N.Y. 2006) ("Dana II").

16.    The Debtor has not met this burden. There are two distinct metrics with one metric for each plan within the KEIP. The First metric is increasing and maintaining sales revenue (adjusted for any store closures) above a threshold dollar amount while the sales process continues.

---

as defined by § 101(31), "shall neither be allowed, nor paid" absent findings by the court, based upon evidence in the record, that (1) the individual has a job offer at the same or greater rate of compensation, (2) the services provided by the individual are "essential to the survival of the business," and (3) the payments meet a strict monetary test. 11 U.S.C. § 503(c)(1).

17.     The Debtor states that sales revenue has historically been between $3-3.8 million weekly, and the KEIP requires an average of $3.9 million during the 9 week period leading up to the sale. However, as reflected in Part 4 of the Monthly Operating Reports ("MOR's) for February (Dkt. No. 381) and March 2026 (Dkt. No. 438), sales revenue during those two reporting periods shows that revenue from operations had already exceeded the $3.9 million weekly threshold prior to the Motion being filed, nearly 20 weeks before the sale hearing[3].  The weekly sales in February 2026 (Dkt. No. 381) was $4,039,857 based on reported sales revenue of $16,159,428; weekly sales in March 2026 (Dkt. No. 438) was $3.907,391 based on reported sales revenue of $17,304,161 for the 31 days of March.

18.     Accordingly, the first metric, is a "lay up" as the Debtor has consistently generated sales revenue above the threshold amount. Consequently, there does not appear to be any incentive component to the KEIP .

19.     In addition, even if the Court considers the proposal, there is no monetary benefit to the estate. In fact, there could be a detriment, as the $375,000 proposed bonus payment could exceed the benefit realized by the estate if the increase in "sales revenue" during the relevant period fails to exceed the bonus amount.

20.     The second metric requires the Debtor to maintain Prime Costs (COGS plus labor costs) below 57% of net sales. Although the COGS is reported in the MOR's and is measurable, the labor costs for hourly employees are not, and without that information it was difficult to test the second metric. Prior to filing this Objection, Debtor provided data on the labor costs in

---

[3] Although not specifically addressed in the Motion, the Debtor will argue that the KEIP recipients dedicated themselves to this process and that sales increased to the threshold amount due to the efforts of the KEIP recipients while they were negotiating the terms of the KEIP but no support for that assertion has been provided.

response to the U.S. Trustee's inquiry, and it appears that the Debtor's "Prime Costs" have been below the threshold amount of 57% of net sales since February 2026 rendering the second metric a "lay-up" as well and objectionable.

21.    Accordingly, neither component of the proposed KEIP satisfies § 503(c)(3) and the Motion should be denied.

## CONCLUSION

22.    The Bankruptcy Code places prohibitions and limitations upon the making of bonus payments to insiders and non-insiders not in the ordinary course of business, except in compliance with § 503(c). Here, the Debtor has not satisfied the requirements of § 503(c)(3), as the metrics are a fiction and the Debtor has not met its burden or proposed satisfactory amendments to satisfy the statutory requirements.

WHEREFORE, the United States Trustee respectfully requests that the Court sustain the foregoing objection, deny the Motion, and grant such other and further relief as the Court may deem just and proper.

Dated: May 18, 2026.

GUY A. VAN BAALEN

Acting United States Trustee Region 21
By: /s/ Steven *D. Schneiderman*
Steven D. Schneiderman, Esq.
Trial Attorney
Office of the United States Trustee
51 S.W. First Avenue Suite 1204
Miami, FL 33130
Tel: (305) 536-7285
Steven.D.Schneiderman@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Objection has been served on the following parties on May 18, 2026, electronically through CM/ECF, on parties having appeared electronically in the instant matter and that a copy hereof shall be served by U.S. Mail, postage prepaid, on parties not appearing electronically listed below:

- Eric N Assouline    ena@assoulineberlowe.com, ah@assoulineberlowe.com
- Terence G Banich    terence.banich@katten.com
- Paul J. Battista    pjbattista@venable.com, cascavone@venable.com;jnunez@venable.com;imalcolm@venable.com;heburke@venable.com;imalcolm@ecf.courtdrive.com
- Seth N Benes    seth@lwlawfla.com, claudia@lwlawfla.com;Pleadings@lwlawfla.com
- Laura Boeckman    lboeckman@coj.net
- Stephen C Breuer    stephen@breuer.law, genna@breuer.law,stephen@ecf.courtdrive.com,mia@breuer.law
- Joseph P. Briggett    jbriggett@bakerdonelson.com, jbowers@bakerdonelson.com
- Jacqueline Calderin    jc@agentislaw.com, bankruptcy@agentislaw.com;nsocorro@agentislaw.com
- Helbert A. Canales-Rojas    hcanalesrojas@bakerdonelson.com, mymarks@bakerdonelson.com
- Ronald S Canter    rcanter@roncanterllc.com
- Shawn M Christianson    schristianson@buchalter.com, cmcintire@buchalter.com
- Lisa Caryl Cohen    lcohen@ruffcohen.com
- Isabel V Colleran    isabel.colleran@blaxgray.com
- Matthew McDonnell Couch    mcouch@moorheadlaw.com, heidi@moorheadlaw.com
- Alan R Crane    acrane@furrcohen.com, yfernandez@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com;cranear84158@notify.bestcase.com;paralegal@furrcohen.com;paralegal2@furrcohen.com
- Kathleen DiSanto    kdisanto@bushross.com, bankruptcy.eservice@bushross.com;kdisanto@ecf.courtdrive.com
- James M Donohue    jdonohue@ausley.com, sshaffer@ausley.com
- Michael P Dunn    michael.dunn@dunnlawpa.com, rbasnueva@dunnlawpa.com;tudani@dunnlawpa.com;lrodriguez@dunnlawpa.com;mflores@dunnlawpa.com
- Raye C Elliott    raye.elliott@akerman.com, jennifer.meehan@akerman.com;ava.hill@akerman.com
- Brian T FitzGerald    fitzgeraldb@hillsboroughcounty.org, connorsa@hillsboroughcounty.org;stroupj@hillsboroughcounty.org
- Kevin A Forsthoefel    kforsthoefel@ausley.com, kreffitt@ausley.com
- Patricia Francois    patriciafrancois@demandthelimits.com
- David L. Gay    dgay@carltonfields.com, cguzman@carltonfields.com;efile@ecf.inforuptcy.com;miaecf@cfdom.net
- Mark A Gilbert    mark.gilbert@colemantalley.com

- Joe M. Grant    jgrant@loriumlaw.com, jenna-munsey-6083@ecf.pacerpro.com;jyoung@loriumlaw.com;acabello@loriumlaw.com
- Jordi Guso    jguso@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.courtdrive.com
- Stephanie L Hauser    slh@lklsg.com, ame@lklsg.com
- Malinda L Hayes    malinda@mlhlawoffices.com, hayes.malindab120631@notify.bestcase.com;hayes.malindab120631@notify-prod.bestcase.com;yamile@mlhlawoffices.com
- Samuel W Hess    shess@slp.law, dwoodall@slp.law;pmouton@slp.law;shess@ecf.courtdrive.com;mortman@slp.law
- Michael S Hoffman    mhoffman@lessnehoffman.law, mhoffman@ecf.courtdrive.com
- Erin M Hoskins    ehoskins@bergersingerman.com, efile@bergersingerman.com;efile@ecf.courtdrive.com
- Jason Ward Johnson    jjohnson@gunster.com, dmowery@gunster.com
- Jason Z. Jones    jjones@joneslawpa.com
- Joshua R. C. Justus    jjustus@gentrylocke.com
- Amrit S Kapai    akapai@dunnlawpa.com, rbasnueva@dunnlawpa.com;tudani@dunnlawpa.com;lrodriguez@dunnlawpa.com;mflores@dunnlawpa.com
- Matthew S Kish    mkish@sbwh.law, mlarhzal@sbwh.law;r65072@notify.bestcase.com
- Harris J. Koroglu    hkoroglu@shutts.com, mcabo@shutts.com;bvelapoldi@shutts.com;fsantelices@shutts.com
- Brett D Lieberman    brett@elrolaw.com, eservice@elrolaw.com;tisha@elbizlaw.com;virginia@elbizlaw.com;denissis@elbizlaw.com
- Jesus Lozano    jlozano@nardellalaw.com, klynch@nardellalaw.com;msayne@nardellalaw.com
- William J Maguire    william@maguire-law.com, assistant@maguire-law.com
- Paul N Mascia    pmascia@nardellalaw.com, klynch@nardellalaw.com;msayne@nardellalaw.com;ibennett@nardellalaw.com
- Kenneth Mather    kmather@gunster.com, jcowzer@gunster.com;mweaver@gunster.com
- Brian K. McMahon    briankmcmahon@gmail.com
- Glenn D Moses    gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jnunez@venable.com;imalcolm@ecf.courtdrive.com;btraina@venable.com
- Joel F. Newell    newellj@ballardspahr.com, phxlsateam@ballardspahr.com
- Gregory Ohl    gregory.ohl@colemantalley.com, janet.valdes@colemantalley.com
- Thomas S Onder    tonder@stark-stark.com
- Chad S Paiva    trustee.paiva@gmail.com, michaelbollingpa@gmail.com,simone@fenderbollingpaiva.com
- Eric S Pendergraft    ependergraft@slp.law, dwoodall@slp.law;mortman@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
- L William Porter III    bporter@lathamluna.com
- Stephen B Porterfield    stephen.porterfield@dentons.com, jan.pack@dentons.com;candice.stanford@dentons.com
- Robert J. Powell    rpowell@moorheadlaw.com, heidi@moorheadlaw.com

- Timothy R Qualls    stalevich@yvlaw.net, tqualls@yvlaw.net
- Jordan L Rappaport    office@rorlawfirm.com, 1678370420@filings.docketbird.com
- David A Ray    dar@trippscott.com, draycmecf@gmail.com;dar@trippscott.com;aaa@trippscott.com;bankruptcy@trippscott.com
- Alexis S Read    asr@alexisreadlaw.com, asr@readlawpllc.com
- Olivia Retenauer    oretenauer@tobinreyes.com, eservice@tobinreyes.com;mrea@tobinreyes.com
- Ricardo A Reyes    rar@tobinreyes.com, rreid@tobinreyes.com;eservice@tobinreyes.com;mhorton@tobinreyes.com
- Dana Lee Robbins-Boehner    drobbins@burr.com, mguerra@burr.com;kkearney@burr.com
- Richard R Robles    rrobles@roblespa.com, paralegal@roblespa.com;lawclerk@roblespa.com;assistant@roblespa.com;r49546@notify.bestcase.com
- Emilio Eduardo Rodriguez    eer@assoulineberlowe.com, sh@assoulineberlowe.com
- Eric A Rosen    erosen@fowler-white.com, CAfilings@fowler-white.com
- Gail M. Ruiz    gailruiz@att.net
- Ariel Sagre    law@sagrelawfirm.com
- Luis Salazar    lsalazar@coleschotz.com, luis-salazar-4791@ecf.pacerpro.com;JCeide@coleschotz.com;LLorenzo@coleschotz.com;Aleesin@coleschotz.com;DFernandez@coleschotz.com;EVazquez@coleschotz.com
- Jeffrey N Schatzman    notices@schatzmanlaw.com, g2251@notify.cincompass.com;schatzman.jeffreyn.b105574@notify.bestcase.com
- David B Shemano    dshemano@shemanolaw.com, mkolcun@robinskaplan.com;cweiner@robinskaplan.com
- Bradley S Shraiberg    bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law;mortman@slp.law
- R Scott Shuker    rshuker@shukerdorris.com, atillman@shukerdorris.com;mfranklin@shukerdorris.com;lstricker@shukerdorris.com;wtownsend@shukerdorris.com
- Eric J Silver    esilver@stearnsweaver.com, jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com
- Paul Steven Singerman    singerman@bergersingerman.com, hmoreno@bergersingerman.com;efile@bergersingerman.com;efile@ecf.courtdrive.com
- Jason Slatkin    jslatkin@loriumlaw.com, ecf.jslatkin@loriumlaw.com
- David R Softness    david@softnesslaw.com
- Nicolaos Soulellis    nsoulellis@gunster.com, jcowzer@gunster.com;mweaver@gunster.com
- Gavin N Stewart    bk@stewartlegalgroup.com
- Lauren Stricker    lstricker@shukerdorris.com, atillman@shukerdorris.com;mdorris@shukerdorris.com;mfranklin@shukerdorris.com;rshuker@shukerdorris.com;wtownsend@shukerdorris.com
- James S Telepman    jst@cohennorris.com

- Richard R Thames    rrt@thamesmarkey.law,
  srb@thamesmarkey.law;brm@thamesmarkey.law;rjs@thamesmarkey.law;keh@thamesmark
  ey.law
- Seth P Traub    straub@shumaker.com, dmccabe@shumaker.com
- John J Wiles    bankruptcy@evict.net

Matthew Anuszkiewicz
STNL Advisors LLC d/b/a Surmount
275 Madison Ave
New York, NY 10016

David M. Baker
Aurora Management Partners Inc
112 S Tryon St Ste. 1770
Charlotte, NC 28284

Terence G Banich
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693

Daniel B Besikof
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, NY 10020

Brittany M Clark
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, NY 10020

Justin E. Cruz
1700 Woodbury Rd Apt # 2807
Orlando, FL 32828

Michael Elliot
Peak Franchise Capital LLC
4100 Spring Valley Road #535
Dallas, TX 75244

GianFranco Finizio
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, NY 10020

Craig Solomon Ganz
Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004

Natalie Gibson
COLE SCHOTZ, P.C.
1201 Wills Street, Suite 320
Baltimore,, MD 21231

H C Jones, III
COLE SCHOTZ, P.C.
1201 Wills Street, Suite 320
Baltimore, MD 21231

Trent Fitzgerald King
1802 N Howard Ave # 4122
Tampa, FL 33607

Peter P Knight
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693

LR911, LLC
c/o Laurie Schacht
3210 Cullowee Lane
Naples, FL 34114

Gary H Leibowitz
COLE SCHOTZ, P.C.
1201 Wills Street, Suite 320
Baltimore, MD 21231

Manatee County Tax Collector
c/o Ken Burton, Jr
1001 3 Ave W #240
Bradenton, FL 34205-7863

Miami-Dade Office of the Tax Collector (Rogers)
200 NW 2nd Avenue
Miami, FL 33128

Joel F Newell
Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004

Alexander L. Norman
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693

Evan N. Parrott
Maynard, Cooper & Gale
11 N Water St
RSA Battle House Tower #24290
Mobile, AL 36602

David M Posner
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, NY 10020

Colleen M Restel
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

Douglas B. Rosner
GOULSTON & STORRS PC
One Post Office Square, 25th Floor
Boston, MA 02109

Stacy H Rubin
Ballard Spahr LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, NV 89135

Stretto
410 Exchange, Ste. 100
Irvine, CA 92602

Milagros Velazquez
1700 Woodbury Rd Apt 2807
Orlando, FL 32828

Irving Walker
COLE SCHOTZ, P.C.
1201 Wills Street, Suite 320
Baltimore, MD 21231

I hereby certify that I am admitted to the Bar of the State of Illinois and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rule 9011-4 and 2090(C)(3) pertaining to attorneys representing the United States government.

/s/ Steven *D. Schneiderman*
Steven D. Schneiderman
Trial Attorney
Office of the U.S. Trustee
51 SW First Avenue,  #1204
Miami, FL 33130
(305) 536-7408