**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

IN RE:

SAILORMEN, INC.,

     Debtor.[1]

Chapter 11

Case No. 26-10451-RAM

## LOOMIS ARMORED US, LLC'S OBJECTION TO CURE AMOUNT

Loomis Armored US, LLC ("**Loomis**") files this objection to the cure amount asserted by Sailormen, Inc. (the "**Debtor**") and in support thereof states as follows:

1.      Loomis provides valuable armored car, cash logistics, and related services to the Debtor in the ordinary course of its business.  Loomis and the Debtor are parties to that certain *Safepoint Agreement* dated May 15, 2013 (together with all amendments and supplements thereto, the "**Contract**"), which govern the business relationship between the Debtor and Loomis.

2.      On January 15, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Florida (the "**Court**").  Loomis has continued to perform its obligations under the Contract since the Petition Date.

3.      On or about May 18, 2026, the Debtor served its *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale* (the "**Cure Notice**").  The Cure Notice defines the "Cure Amount" to be "the amounts the Debtor believes are necessary to be paid to each counterparty . . . to cure any applicable payment

---

[1] The Debtor in this Chapter 11 case and the last four digits of its federal tax identification number are Sailormen, Inc. (5214).  The location of the Debtor's corporate headquarters and the Debtor's service address in this chapter 11 case is 9200 South Dadeland Blvd., Suite 600, Miami, FL 33156.

145077422.1

arrearages," but does not identify how ongoing obligations the Debtor incurs in the ordinary course will be treated.  The cure amount asserted by the Debtor, therefore, is inaccurate because it fails to address the ongoing postpetition services that Loomis is providing to the Debtor in the ordinary course of business and does not include all amounts owed under the Contract as of the date the Cure Notice was served.  As of June 12, 2026, the Debtor owed Loomis not less than $166,939.24 as detailed in the chart below.

| Account # | Invoice # | Amount Due | Prepetition Portion | Postpetition Portion |
|---|---|---|---|---|
| 10057043 | 13858611 | $52,947.79 | $52,947.79 | - |
| 10057043 | 13880127 | $53,241.45 | $27,604.92 | $25,636.53 |
| 10046742 | 13878783 | $7,598.60 | $7,732.32 | $7,286.66 |
| 10057043 | 13900116 | $7,304.57 | $17.91 | $7,286.66 |
| 10057043 | 13985944 | $45,846.83 | - | $45,846.83 |

4.      Pursuant to the terms of the Contracts, Loomis bills much of its services in advance with certain ancillary services in arrears, therefore, the amounts identified above may not include all amounts owed as of June 12, 2026.  For example, certain fees for removal / de-installation of Loomis' safes and termination fees are not included in the amounts identified above.  The final calculation of such amounts are not usually known for several months after removal / de-installation of the applicable Loomis safe.  Therefore, such amounts are not ordinarily billed until after such amounts are known and confirmed.

5.      Loomis contacted the Debtor about the ambiguous definition of the "Cure Amount" in the Cure Notice and to try to resolve the discrepancy in the amounts that remain unpaid and owing to Loomis under the Contract without the need to file this objection.  While the parties have

2

145077422.1

not resolved these issues yet, Loomis remains hopeful that they can be resolved without the need for further litigation.  Nevertheless, Loomis files this objection with full reservation of rights.

6.      For the reasons explained above, Loomis requests the Court require the Debtor or any assignee to pay all amounts due and owing as of the date of any assumption and assignment as well as any amounts for ongoing services Loomis provides to the Debtor and/or any assignee in the ordinary course of business regardless of whether it is due before or after the date of such assumption and assignment.

Dated: June 17, 2026

Respectfully submitted,

*/s/  Luis Orengo, Jr.*
Luis Orengo, Jr.
Carlton Fields, P.A.
Florida Bar No. 1022891
lorengo@carltonfields.com
P.O. Box 3239
Tampa, FL  33601-3239
(813) 223-7000

-    and    -

David Trausch (*pro hac vice* pending)
**HAYNES AND BOONE, LLP**
1221 McKinney Street, Suite 4000
Houston, TX 77010
Telephone: 713.547.2000
Email: david.trausch@haynesboone.com

**Counsel to Loomis Armored US, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, I electronically filed the foregoing Notice of Appearance with the Clerk of Court by using the Court's E-Portal system thereby serving all registered users in this case.

/s/  *Luis Orengo*
Attorney

3

145077422.1