**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                                    Case No.: 26-10451-RAM
                                                          Chapter 11
SAILORMEN, INC.,

    Debtor.

_____/

**CREDITOR HOWARD N REAL ESTATE INVESTMENTS, LLC'S LIMITED**
**OBJECTION TO DEBTOR'S PROPOSED CURE AMOUNT AND RESERVATION OF**
**RIGHTS REGARDING ASSUMPTION AND ASSIGNMENT OF LEASE**

Creditor, Howard N Real Estate Investments, LLC ("Landlord"), by and through

undersigned counsel, files this Limited Objection to the cure amount proposed by Sailormen, Inc.

(the "Debtor") for Landlord's lease, and in support states as follows:

**BACKGROUND**

1.      Landlord is the commercial landlord for the Popeyes Louisiana Kitchen restaurant

operated by the Debtor and located at 2701 E. Busch Boulevard, Tampa, Florida 33612 (Store No.

171) pursuant to that certain lease and related documents between Landlord and Debtor

(collectively, the "Lease").

2.      On March 25, 2026, the Debtor filed its *Motion for Entry of an Order Authorizing*

*and Approving (I) the Sale of Substantially All of the Debtor's Assets Free and Clear of Liens,*

*Claims, Encumbrances, and Interests and (II) the Assignment and Assumption of Certain*

*Executory Contracts and Unexpired Leases* [D.E. 396] (the "Sale Motion").

3.      On or about May 18, 2026, the Debtor served its *Notice of Possible Assumption and*

*Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale* [D.E.

543] (the "Cure Notice").

4.      The Cure Notice lists Landlord's Lease with a proposed cure amount of $62,677.79. Landlord disputes that amount because it does not include all amounts due under the Lease, including contractual late fees, default interest, and attorneys' fees incurred in connection with enforcement of the Lease and the Debtor's proposed assumption and assignment process.

5.      The Cure Notice provides that any objection to the proposed cure amount must be filed and served so as to be actually received by the applicable parties on or before June 17, 2026 at 12:00 p.m. Eastern Time. Landlord files this Limited Objection to preserve its rights and to ensure that all amounts required to cure defaults under the Lease are paid in full as a condition to any assumption and assignment of the Lease.

## <u>LIMITED OBJECTION</u>

6.      Pursuant to 11 U.S.C. § 365(b), the Debtor may not assume and assign the Lease unless the Debtor cures, or provides adequate assurance that it will promptly cure, all defaults under the Lease.

7.      The proposed cure amount is understated because it excludes contractual late fees and default interest due under Sections 1(d) and 33(f) of the Lease, as well as reasonable attorneys' fees recoverable under Section 33(g) of the Lease. *See* Relevant Lease Provisions attached as **<u>Exhibit A</u>**.

8.      Based on Landlord's current calculation, the proper cure amount is not less than $82,602.49, subject to supplementation for any additional amounts accruing through the effective date of assumption and assignment, including additional rent, taxes, late fees, default interest, attorneys' fees, costs, and other amounts due under the Lease.

9.      For ease of reference, Landlord's current cure calculation is summarized below:

| Category | Debtor's Cure Calculation | Landlord's Position |
|---|---|---|
| December 2025 Rent | $11,168.77 | $11,168.77 |
| January 2026 Rent | $11,168.77 | $11,168.77 |
| 2025 Property Taxes | $23,764.55 | $23,764.55 |
| Estimated 2026 Prorated Property Taxes | $12,238.74 | $12,238.74 |
| Late Fees and Default Interest (Lease §§ 1(d), 33(f)) | $0.00 | $6,469.46 |
| Additional March–July 2026 Late Fees and Default Interest (Lease §§ 1(d), 33(f)) | $0.00 | $2,792.20 |
| Attorneys' Fees (Lease § 33(g)) | $0.00 | $15,000.00[1] |
| **Total Cure Amount** | **$58,340.83** | **$82,602.49** |

10.     Landlord further reserves all rights to seek payment of any additional amounts due under the Lease through the effective date of assumption and assignment, including without limitation any amounts that accrue after the filing of this Limited Objection.

11.     To the extent the Lease is assumed and assigned, Landlord further reserves all rights with respect to adequate assurance of future performance by any proposed assignee, including pending receipt and review of adequate assurance information regarding the proposed assignee for the Lease.

12.     Accordingly, Landlord objects to the proposed cure amount and objects to assumption and assignment of the Lease unless and until the cure amount is determined to include all amounts due under the Lease and is paid in full in connection with assumption and assignment.

**WHEREFORE**, Creditor, Howard N Real Estate Investments, LLC, respectfully requests that this Court enter an order: (i) sustaining this Limited Objection; (ii) determining that the cure amount for Landlord's Lease is not less than $82,602.49, subject to supplementation for additional

---

[1] Estimated attorneys' fees incurred in connection with enforcement of the Lease, preparation and filing of the proof of claim, review of cure notices, cure negotiations, preparation and prosecution of this Objection, and anticipated attendance at the June 18, 2026 sale hearing. Landlord reserves the right to supplement this amount, if necessary.

amounts accruing through the effective date of assumption and assignment; (iii) requiring payment in full of all cure amounts as a condition to any assumption and assignment of the Lease; (iv) preserving Landlord's rights regarding adequate assurance of future performance; and (v) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 17 day of June, 2026.

**DUNN LAW, P.A.**
*Counsel for Creditor, Howard N*
*Real Estate Investments, LLC*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
akapai@dunnlawpa.com

By: /s/ *Amrit S. Kapai*
   Amrit S. Kapai, Esq.
   Florida Bar No. 1032794

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2026, a true and correct copy of the foregoing was filed with the Court using CM/ECF and served via Notice of Electronic Filing upon all registered users in this case. I further certify that a copy of the foregoing was served by electronic mail upon counsel for the Debtor and such other notice parties as required by the Cure Notice to the extent not served through CM/ECF.

By: /s/ *Amrit S. Kapai*
   Amrit S. Kapai, Esq.
   Florida Bar No. 1032794

# EXHIBIT "A"

(b)    Commencing upon the first day of the first full month following the first (1st) anniversary of the Effective Date, and on each anniversary of such date thereafter during the term of this Lease (and any extension thereof), the Rent shall be increased by 1.75%, determined by multiplying 1.0175 by the Base Annual Rent in effect at that time.  A prorated payment shall be made for any partial months at the beginning or end of the Lease Term.

(c)    **Sales Tax**.  Lessee shall pay all sales and use taxes levied or assessed against amounts payable hereunder, as and when such taxes are due.

(d)    **Late Fee; Interest.**  Any Rent delinquent by more than five (5) days following the payment due date shall accrue a late fee of five percent (5%) of the delinquent Rent, payable on the next monthly rental payment date.  Lessor and Lessee agree that these sums are reasonable to compensate Lessor for administrative expenses and the loss of the use of funds.

(e)    **Net Lease.**  Lessee acknowledges and agrees that it is intended that this Lease will be a completely "**Net Lease**" to Lessor.  The parties intend that Lessee be obligated hereunder to pay all costs and expenses including any sales tax that may be applicable thereto incurred with respect to, and associated with, the Demised Premises and the business operated thereon and therein.  Lessor shall bear no cost or expense of any type or nature with respect to, or associated with, the Demised Premises including but not limited to any repairs, maintenance or improvements to the Demised Premises (except as expressly provided in Section 8).  Lessee shall pay all charges impositions, costs and expenses of every mature and kind relating to the Demised Premises as arising or accruing during the term of this Lease.  Any present or future law to the contrary notwithstanding, this Lease shall not terminate (except as expressly provided in Section 9) nor shall Lessee be entitled to any abatement, suspension, deferment, reduction (except as expressly provided in Section 10 hereof), setoff, counterclaim (except for Lessor's default under this Lease), or defense with respect to Rent (except for payment), nor shall the obligations of Lessee hereunder be affected by reason of:  any damage to or destruction of the Demised Premises or any part thereof; any taking of any Demised Premises or any part thereof or interest therein by condemnation or otherwise (except as expressly provided in Section 10 hereof); any prohibition, limitation, restriction or prevention of Lessee's use, occupancy or enjoyment of the Demised Premises or any part thereof, or any interference with such use, occupancy or enjoyment by any person or for any other reason; any title defect or encumbrance or any matter affecting title to the Demised Premises or any part thereof; any proceeding relating to Lessor that does not affect the Demised Premises; any action of governmental authority that does not render Lessee wholly unable to operate the Permitted Concept on the Demised Premises; any defect in the condition, quality or fitness for use of the Demised Premises or any part thereof ; or any other cause whether similar or dissimilar to the foregoing and whether or not Lessee shall have notice or knowledge of any of the foregoing.  The parties intend that the obligations of Lessee hereunder shall be separate and independent covenants and agreements and shall continue unaffected unless such obligations shall have been modified or terminated in accordance with an express provision of this Lease.  Lessee covenants and agrees that the Rent to be paid hereunder shall be, except as otherwise expressly provided herein, paid without offset or deduction.  Lessor shall have the right to accept all rent and other payments, whether full or partial, and to negotiate checks and payments thereof, without any waiver of rights, irrespective of any conditions to the contrary sought to be imposed by Lessee.

2

purposes of a net lease securitization.  To the extent requested by Lessor in connection with Lessor's marketing efforts associated with any sale of the Demised Premises, Lessee will provide a copy of its most recently audited financial statements to Lessor within ten (10) days of Lessee's receipt of Lessor's written request for the same and Lessee's receipt of a signed Confidentiality Agreement in the form attached as Exhibit "D" to this Lease ("**Confidentiality Agreement**") from Lessor and its listing broker.  Further, prior to receiving such information, Lessor shall cause any recipient of such information (including, without limitation, any prospective purchaser and/or their lender) to execute the joinder attached as Exhibit A to the Confidentiality Agreement.

32.    **WAIVER OF TRIAL BY JURY.**  THE LESSEE AND LESSOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT EITHER MAY HAVE TO A TRIAL BY JURY IN RESPECT TO ANY LITIGATION ARISING OUT OF, UNDER, OR IN CONNECTION WITH THIS LEASE, AND ALL DOCUMENTS AND OTHER AGREEMENTS EXECUTED OR CONTEMPLATED TO BE EXECUTED IN CONNECTION HEREWITH, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTION OF EITHER PARTY, WHETHER IN CONNECTION WITH THE MAKING OF THIS LEASE, COLLECTION UNDER THE LEASE, OR OTHERWISE.  THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE LESSOR ENTERING INTO THIS LEASE WITH LESSEE.

33.    **MISCELLANEOUS**.

(a)    **Remedies Cumulative.**  All rights, powers and privileges conferred hereunder upon parties shall be cumulative, but not restricted to those given by law.

(b)    **Brokerage Fees.**  It is understood and agreed that neither party has incurred any real estate brokerage fees or commissions arising out of this Lease and each party agrees to hold the other harmless from and against all such fees and commissions incurred, and costs related thereto including legal fees, as a result of its own conduct or alleged conduct.

(c)    **Writing Requirement.**  This Lease contains the entire agreement of the parties hereto and no modification of this Lease shall be binding unless in writing, duly executed by all the parties hereto and properly witnessed in accordance with the laws of the state and county in which the Demised Premises are located.

(d)    **Waiver.**  One or more waivers of any covenant, term, or condition of this Lease by either party shall not be construed as a waiver of a subsequent breach of the same covenant, term, or condition.  The consent or approval by either party requiring such consent or approval shall not be deemed to waive or render unnecessary consent to or approval of any subsequent similar act.

(e)    **Governing Law.**  The laws of the state in which the Demised Premises is located shall govern the interpretation, validity, performance, and enforcement of this Lease.

(f)    **Default Interest Rate.**  The "**Default Rate**" is fifteen percent (15%).  If any payment due hereunder is not paid within ten (10) days after is due date, such delinquent payment shall bear interest from its due date at the Default Rate until paid.

(g)    **Attorney Fees.**  In the event that either party to this Lease commences any legal action or proceedings, including bankruptcy proceedings and actions for declaratory relief or specific performance, against the other by reason of the alleged failure of the other to perform or keep any term, covenant, or condition of this Lease to be performed or kept, the party prevailing in any such action or proceedings shall be entitled to recover, in addition to court costs, all reasonable attorney's fees at all trial and appellate levels.

(h)    **Time; Next Business Day.**  Lessor and Lessee agree that time shall be of the essence of all terms and provisions of this Lease and in the performance of all terms, conditions, covenants, requirements, obligations and warranties to be performed or satisfied by the parties hereto.  Waiver of performance or satisfaction of timely performance, satisfaction of any condition, covenant, requirement, obligation or warranty by one party shall not be deemed to be a waiver of the performance or satisfaction of any other condition, covenant, requirement, obligation or warranty unless specifically consented to in writing.  In the event any time period specified in this Lease expires on a Saturday, Sunday or bank holiday on which national banks in the county in which the Demised Premises are situate are closed for business, then the time period shall be extended so as to expire on the next business day immediately succeeding such Saturday, Sunday or bank holiday.  Unless otherwise specified in this Lease, reference to days shall mean calendar days.

(i)    **Construction.**  The section headings used herein are for convenience only and shall not be deemed to limit the subject of the articles hereof nor shall they be considered in the construction thereof.  In this Lease, the masculine gender includes the feminine and neuter, and the singular number includes plural, whenever the context so requires.  The language in this Lease shall in all cases be construed as whole and according to its fair meaning and not strictly for or against either Lessee or Lessor.

(j)    **Severability.**  If any provision herein contained shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

(k)    **Force Majeure.**  If either party shall be delayed or prevented from the performance of any act required by this Lease, including but not limited to curing of non-monetary defaults, by reason of act of God, fire, earthquake, war, riot, strike, lockout, labor dispute, inability to procure materials, governmental restrictions, judicial order, public emergency or regulations or other cause beyond the reasonable control of the party obligated to perform (financial inability excepted) (each a "**Force Majeure**"), performance of such act shall be excused for the period of the delay and the period for performance of any such act shall be extended for a period equivalent to such delay.  The foregoing shall not pertain to Lessee's obligations to pay all sums due in a timely manner.

(l)    **Entry by Lessor**.  Lessor may enter into and upon any part of the Demised Premises including back-of-house upon 48 hours written notice to Lessee and at such

21