**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

SAILORMEN, INC.,                                    Chapter 11

        Debtor.[1]                              Case No. 26-10451-RAM

_____/

**OBJECTION OF COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC**
**TO THE NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF**
**CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
**IN CONNECTION WITH SALE**

Comcast Cable Communications Management, LLC, by its undersigned attorneys, hereby

submits this Objection (this "Objection") to the proposed cure amounts in the *Notice of Possible*

*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection*

*with Sale* [Docket No. 543] (as such may be amended or modified, the "Cure Notice"). In support

of this Objection, Comcast states the following:

**I.        Background**

1.        On January 15, 2026 (the "Petition Date"), the above-captioned debtor (the

"Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code").

---

[1]     The Debtor in this Chapter 11 case and the last four digits of its federal tax identification number are Sailormen, Inc. (5214). The location of the Debtor's corporate headquarters and the Debtor's service address in this chapter 11 case is Miami, Florida.

2.      Since before the Petition Date, Comcast has provided internet, video, voice and/or other services (the "Services"), as well as the equipment or devices necessary for the Services (the "Comcast Equipment") pursuant to various service agreements (the "Agreements").[2]

3.      To date, the Agreements have not been assumed or rejected by the Debtor, and Comcast continues to provide services postpetition to the Debtor.

4.      On March 13, 2026, the Debtor filed the *Motion of the Debtor and Debtor-in-Possession for Entry of an Order (I) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Approving the Form of Asset Purchase Agreement; (III) Authorizing the Debtor to Enter into Stalking Horse Agreements and Approving Bid Protections for Any Stalking Horse Bidders; (IV) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (V) Scheduling an Auction for, and Hearing to Approve, the Sale of All or Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (VI) Approving the Form and Manner of Sale Notice; and (VII) Granting Related Relief* [ [Docket No. 330] (the "Bidding Procedures Motion"), seeking, *inter alia,* approval of various procedures, including bid and assumption and assignment procedures (the "Bidding Procedures") to govern the sales of substantially all of the Debtor's assets pursuant to section 363 of the Bankruptcy Code.[3]

5.      On March 20, 2026, the Court entered the *Order (I) Approving Bidding Procedures for the Sale of All or Substantially All the Debtor's Assets Free and Clear of All Liens, Claims,*

---

[2] The Agreements are confidential documents and will be furnished upon request.

[3] Capitalized terms not otherwise defined herein, should have the meaning given to them in the Bidding Procedures Motion or the Cure Notice.

*Encumbrances, and Interests; (II) Approving the Form of Asset Purchase Agreement; (III) Authorizing the Debtor to Enter Into Stalking Horse Agreements and Approving Bid Protections for Stalking Horse Bidders; (IV) Approving Procedures for Assumption and Assignment of Executory Contracts and Unexpired Leases; (V) Scheduling an Auction for, and Hearing to Approve, the Sale of All or Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (IV) Approving the Form and Manner of Sale Notice; and (VII) Granting Related Relief* [Docket No. 378] (the "Bidding Procedures Order"), which among other things, approved the Bidding Procedures.

6.      On March 25, 2026, the Debtor filed the *Motion of the Debtor and Debtor-in-Possession for Entry of an Order Authorizing and Approving (I) the Sale of All or Substantially All of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, and (II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 396] (the "Sale Motion"), seeking approval of an order authorizing the sale of substantially all of the Debtor's assets.

7.      On May 19, 2026, the Debtor filed the Cure Notice as an exhibit to an affidavit of service [Docket No. 543], which lists an agreement with "Comcast Business" for assumption.

## II.      Objection

8.      The Cure Notice (at page 7 of 7) proposes to potentially assume an executory contract with "Comcast Business" and pay Comcast a cure in the amount of $75,162.79.

9.      Comcast disputes the cure amounts proposed by the Debtor because this amount does not reflect the amount due and owing to Comcast for prepetition charges or postpetition charges due and owing to Comcast under the Agreements.

10. Comcast's records show that the Debtor owes Comcast the sum of $112,696.52, for pre-petition and postpetition services provided to the Debtor through June 16, 2026, plus any additional amounts that become due and owing until the Agreements are assumed as shown in **Exhibit A** attached hereto. Thus, as of June 16, 2026, the total cure amount is $112,696.52 plus any amounts that become due and owing on or after June 16, 2026, until the date on which the Agreements are assumed.

11. Comcast can only provide the information presently available regarding amounts that the Debtor owes, while reserving the right to amend this Objection as necessary to include any additional or unknown charges that arise.

12. Further, in addition to the cure amounts asserted herein, amounts are becoming due and owing as the Debtor continues to use Comcast's services. To the extent the Debtor fails to pay these amounts, such amounts will constitute part of the cure amounts that the Debtor must pay in connection with the assumption or assumption and assignment of the Agreements.

13. Section 365(b)(1)(A) of the Bankruptcy Code requires that the Debtor cure or promptly cure outstanding balances due under the Agreements upon assumption or assumption and assignment. The Debtor should be required to pay the undisputed portion of the cure amount owed to Comcast at closing and the disputed portion of the cure amount should be held in a segregated escrow account pending resolution of any disputes regarding the cure amounts. It is only with these protections that the Debtor can prove that it will cure or promptly cure the monetary defaults under the Agreements.

### III. Conclusion

14. For the foregoing reasons and any additional reasons stated at a hearing on this matter, the Debtor should be required to fully cure all amounts due and owing to Comcast under

the Agreements and the Court should grant Comcast such other and further relief as is just and proper.

Dated:  June 17, 2026

*/s/ Dana L. Robbins-Boehner*
Dana L. Robbins-Boehner, Esq.
Florida Bar No. 106626
**BURR & FORMAN LLP**
201 North Franklin Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 221-5760
Facsimile: (813) 221-7335
E-mail: drobbins-boehner@burr.com

and

Matthew G. Summers
Margaret A. Vesper
**BALLARD SPAHR LLP**
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4428
Facsimile: (302) 252-4466
E-mail: summersm@ballardspahr.com
            vesperm@ballardspahr.com

*Counsel for Comcast Cable Communications
Management, LLC*

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 17th day of June 2026, a true and correct copy of the foregoing has been furnished by CM/ECF to all parties in interest receiving CM/ECF service in this case.

*/s/ Dana L. Robbins-Boehner*
Dana L. Robbins-Boehner, Esq.

## EXHIBIT A

| Account Number | Prepetition Amount | Postpetition Amount |
|---|---|---|
| 7136 | $56,446.49 | $56,131.03 |
| **TOTAL** | **$56,466.49** | **$56,131.03** |