UNITED STATES BANKRUPTCY COUR-T
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-10451-RAM

IN RE:

CHAPTER 11 CASE

SAILORMEN, INC.

Debtor.

_____/

### (AMENDED) CREDITOR FIELD APARTMENTS, LLC'S OBJECTION TO ASSUMPTION OF THE LEASE AND TO NOTICE TO CURE

FIELD APARTMENTS, LLC, Creditor/Landlord, herein files its objections to the Debtor's assumption and assignment of the lease between the parties, and to the "cure" proposed by Debtor.  In support of its objections,  FIELD APARTMENTS, LLC states:

1.      Creditor FIELD APARTMENTS, LLC  is the landlord/owner of commercial premises at 1355 West Sunrise Boulevard, Fort Lauderdale, FL 33335; Debtor is the tenant at such premises, pursuant to a lease between the parties.  A copy of the lease is attached as **Exhibit 1.**

2.      **SUMMARY OF FIRST OBJECTION**:  The Debtor has failed to provide adequate notice to Landlord FIELD APARTMENTS, LLC (and other landlords) as a result of Debtor's extension of the deadline by which it must provide adequate assurance information, without a corresponding extension of FIELD APARTMENTS, LLC 'S (and other landlords) deadline for the filing of objections to the assumption and assignment of leases and contracts.

3.    On  03/20/2026, the Court entered an  order approving bidding procedures for the sale of all of Debtor's assets, scheduling an auction, and granting additional relief  including "... Approving Procedures for Assumption and Assignment of Executory Contracts and Unexpired leases" (ECF #378).  Pursuant to the Court's order,  June 15, 2026 at 11:59 p.m. was the deadline by which the Debtor was to provide "adequate assurance" information to the holders of unexpired leases and executory contracts. Meanwhile, June 17, 2026 at 12:00 p.m. is the deadline by which non-Debtor parties holding executory contracts or unexpired leases are required to file objections to the assumption or assignment of a "Potential Assumed Contract",  including objections to the cure amount, or to the lack of adequate assurance of future performance.

4.    Close to midnight on June 15th, 2026, the Debtor filed a notice (ECF #616) unilaterally extending the time by which it must provide "adequate assurance" information to FIELD APARTMENTS, LLC  (and other non-debtor parties holding unexpired leases or executory contracts) until June 16, 2026 at 11:59 p.m.  In contrast, the deadline by which FIELD APARTMENTS, LLC (and other parties holding unexpired leases or executory contracts) must file objections to the assumption and assignment of its lease with the Debtor remained as June 17, 2026 at 12:00 p.m.

5.    Prior to deciding whether or not to file an objection to an assumption and assignment of its lease, FIELD APARTMENTS, LLC  should

be provided with sufficient  time to evaluate the "adequate assurance information", as well as to consult with its counsel and with its financial advisor.  Assuming that the Debtor provides "adequate assurance" information affecting FIELD APARTMENTS, LLC a few minutes prior to midnight on June 16th, 2026, then creditor/landlord FILED APARTMENTS, LLC  will have approximately three (3) business hours (9:00 a.m. to 12 noon) on the following day (June 17th) to examine the "adequate assurance information", to consult with its financial advisor and with its counsel, and to formulate and file any appropriate objections.  In the absence of a failure to timely file an objection, the consequences which flow to landlord holding an unexpired lease are severe, in that such landlord will be deemed to have waived all claims, defenses, objections, etc.

6.    The shortened "notice" period which has resulted from the Debtor's extension of the time to provide adequate assurance information (ECF #616) is inadequate and violates the due process requirements of the Fifth Amendment to the U.S. Constitution.  Accordingly, FIELD APARTMENTS, LLC objects to the proposed assumption of its lease with the Debtor and, based on due process grounds, and requests the Court to deny any such assumption.  FIELD APARTMENTS, LLC also objects to the assumption and assignment of its lease based on the Debtor's failure, as of the time of this filing, to provide any adequate assurance information.

7.    Creditor/Landlord FIELD APARTMENTS, LLC notes  that a failure of adequate notice may be cured by a rescheduling of the deadline to file an objection to the assumption of the lease to a future date which will allow FIELD APARTMENTS, LLC sufficient time to evaluate any "adequate assurance information", to consult with its financial advisor, and to thereafter make a  reasoned choice as to whether  or not to file any objection to any proposed assumptions of the lease.

8.    **SUMMARY OF SECOND OBJECTION TO ASSUMPTION OF LEASE:**  The Debtor may not assume the lease because it is in noncompliance with the lease terms.

9.    Pursuant to 11 USC §365(b)(1), "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee (A) cures or provides adequate assurance that the trustee will promptly cure such default ... ".

10.    Throughout these proceedings, the Debtor has been in default in the terms of the lease with FIELD APARTMENTS, LLC in that it failed to repair  the premises and to cure code violations which had resulted in FIELD APARTMENTS, LLC being cited by the Fort Lauderdale code enforcement department.  As a result of the Debtor's failure to repair the premises, FIELD APARTMENTS, LLC filed a motion which was heard on 03/20/2026; the Court entered an order (ECF # 389) which directed the

Debtor  "... to promptly take steps to remediate and make repairs at the premises so as to thereby cure the code violations."  A copy of the Court's order is attached as **Exhibit 2** and its terms are incorporated herein by reference.

11.    The Debtor has failed to fully cure the code violations as directed by this Court, with the result that FIELD APARTMENTS, LLC has again been directed to appear on June 25, 2026 before the Fort Lauderdale Special Code Enforcement Magistrate and is being threatened by the City of Fort Lauderdale with the imposition of fines and a code enforcement lien.  A copy of a letter from the City of Fort Lauderdale is attached as **Exhibit 3** and its terms are incorporated herein by reference.

12.    Because of its ongoing failure to comply with the terms of the lease requiring that Debtor maintain and repair the premises, the Debtor should not be allowed to assume the lease unless the following conditions are imposed on the Debtor:  (a) Debtor must repair the premises and cure the code violations such that they pass inspection as soon as possible, (b) in addition to the proposed "cure" amount, the Debtor must indemnify and/or reimburse FIELD APARTMENTS, LLC for any expenses, costs and damages which FIELD APARTMENTS, LLC  incurs as a result of the Debtor's failure to cure the code violations, to include the costs of repair, the costs of obtaining any permits, indemnification for any and all fines which may be assessed, and payment of any attorney's fees and costs which FIELD

PARTMENTS, LLC incurs as the result of legal representation in the upcoming code enforcement  hearing; such reimbursements are to be treated and/or categorized as  administrative expenses .

13.    **SUMMARY OF THIRD OBJECTION TO ASSUMPTION OF LEASE - INCORRECT CURE AMOUNT:**  The Debtor may not assume the lease because the cure amount ($113,514.33) which is set forth at the Debtor's "Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale"  is incorrect in that, while such amount comes close to matching the Debtor's pre-petition arrears of  $113,574.28   (FIELD APARTMENTS, LLC's claim #29), it fails to include the unpaid balance for post-petition rents, taxes and damages incurred by the Debtor.  It is estimated that the correct "cure" amount is $211,951.59  (including unpaid rents and unpaid taxes, but exclusive of damages caused by Debtor's failure to repair the premises).  In the absence of adequate assurance information and of the identity of the anticipated successful bidder/assignee, and  in the absence of sufficient time to conduct "due diligence" FIELD APARTMENTS, LLC should not be locked-in and bound to the Debtor's "cure amount".

14.  The total amount of rents incurred by the Debtor from the date of the petition through the end of May of 2026 came to $104,925.46.   The Debtor has paid a total of $24,000.  in rents for the months of February through May of 2026 ($6,000. per month as base rent for the months of

February through June of 2026) leaving an **estimated unpaid rent balance of $80,925.46 through the end of May,** which is summarized below:

| Month | Amt. of rent: | Amt. paid: | Balance: |
|---|---|---|---|
| January 15-31, 2026 | $11,859.88* | - 0 - | $11,859.88 |

*(The total rent for January 2026 is $21,626.93; of this amount, $11,859.88 accrued post-petition)

| Month | Amt. of rent: | Amt. paid: | Balance: |
|---|---|---|---|
| February 2026 | $21,041.06 | $6,000. pd. 02/17/26 | $15,041.06 |
| March 2026 | $24,285.57 | $6,000. pd. 03/04/26 | $18,285.57 |
| April 2026 | $23,738.95 | $6,000. pd. 04/01/26 | $17,738.95 |
| May 2026 (est.) | $24,000.00* | $6,000. pd. 04/30/26 | $18,000.00 |

*estimated rent for May

**Unpaid Post-Petition Rent Balance through May 2026:      80,925.46**

| | | | |
|---|---|---|---|
| June 2026 (est.) | $24,000.00* | $6,000. pd. 05/29/26 | $18,000.00 |

*estimated rent for June

**Estimated post-petition rent balance through June 2026:   90,925.46**

15.    Pursuant to the lease, the Debtor is required to pay $2,100. per month against real  property taxes.  The total amount of real property taxes incurred by the Debtor from the date of the petition through the May of 2026 is in the amount of  $9,551.75.  The Debtor has paid a total of $4,200. against these taxes ($2,100. per month for each of the months of February and March of  2026, and nothing more).  Once the unpaid June tax

installment is added to the May balance, the **unpaid real property tax balance comes to $7,451.75.**

16.    Based on the calculations set forth at paragraphs 13-15 above, the cure balance is 211,951.49 ($90,925.46 unpaid post-petition rent balance; $7,451.75 unpaid post-petition taxes; $113.574.28 pre-petition arrears).  It should be noted that the cure balance does not include the damages suffered by FIELD APARTMENTS, LLC as a result of the Debtor's failure to maintain and repair the premises in that the figures for such damages are not yet available.

17.    FIELD APARTMENTS, LLC reserves the right to amend this objection.

WHEREFORE,  FIELD APARTMENTS, LLC requests that the Court deny the assumption and assignment of the lease with the Debtor, unless the following conditions are imposed:

(A) adequate notice be provided such that FIELD APARTMENTS, LLC will have sufficient time to review any adequate assurance information prior to the deadline for filing an objection;

(B) the Debtor will be required to repair the premises and cure code violations;

(C) the Debtor shall be required, as a condition of "cure", to reimburse and indemnify FIELD APARTMENTS, LLC for any costs, repair expenses, permit fees, fines, counsel fees or other expenses incurred by

FIELD APARTMENTS, LLC (which result from the Debtor's failure to maintain the premises) as an administrative expense, which shall survive any "assumption and assignment of the lease;

(D) the "cure amount" is corrected by the Debtor or determined by the Court,

(E) such additional relief as the Court deems just, equitable and appropriate.

## CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)(1)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served on June 17, 2026 via the Bankruptcy Court's electronic noticing on all interested parties who requested e-noticing including Samuel W. Hess, Esq., counsel for the Debtor; Eric S. Pendergraft, Esq., counsel for the Debtor; Luis Salazar, Esq., counsel for the Debtor, Bradley S. Shraiberg, Esq,, counsel for the Debtor; Steven D. Schneiderman, Esq., Counsel for the Office of the U.S. Trustee; Erik J. Silver, counsel for the Committee of Unsecured Creditors.

Respectfully submitted,

BY /S/
Gail M. Ruiz, Esq.,
Fla. Bar #490271
Law Offices of Gail M. Ruiz, PLLC
Attorney for Creditor/Lessor
FIELD APARTMENTS, LLC
815 Ponce de Leon Boulevard,
2nd floor
Coral Gables, FL  33134
Telephone: (305) 447-1600
e-mail: gailruiz@att.net
gail.marie.ruiz@gmail.com