UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                        Chapter 11

SAILORMEN, INC.,                              Case No. 26-10451-RAM

        Debtor.[1]

_____ /

**EXPEDITED MOTION FOR ENTRY OF
AN ORDER AUTHORIZING REJECTION OF EXECUTORY
CONTRACT WITH GRANITE TELECOMMUNICATIONS**

**Basis for Expedited Hearing**

**The Debtor began the Auction for all of its assets on June 15, 2026, which concluded on June 17, 2026. No party at the Auction has sought to have the Debtor assign to it the Debtor's executory contract with Granite Telecommunications. As the closing of the sale of the Debtor's assets may occur as late as July 12, 2026, the Debtor seeks to reject the Granite Telecommunications contract effective as of the earlier of July 12, 2026 or the closing date of the sale. Accordingly, the Debtor request the Court set this Motion for hearing on July 10, 2026, when other matters are set for hearing.**

Sailormen, Inc., the debtor and debtor-in-possession in the above captioned chapter 11 case (the "Debtor"), moves for the entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtor, under section 365(a) of the Bankruptcy Code, to reject the Granite Telecommunications Contract (as defined herein), effective as of the earlier of July 12, 2026, or the closing date of the sale of the Debtor's assets. In support of this Motion, the Debtor respectfully states as follows:

---

[1] The Debtor in this Chapter 11 case and the last four digits of its federal tax identification number are Sailormen, Inc. (5214). The location of the Debtor's corporate headquarters and the Debtor's service address in this chapter 11 case is Miami, Florida.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006.

## BACKGROUND

### I.      Introduction.

1.      On January 15, 2026 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code (this "Chapter 11 Case").

2.      The Debtor continues to manage and operate its business as a debtor-in- possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The United States Trustee appointed an official committee of unsecured creditors (the "Committee") on February 12, 2026.

4.      No request for a trustee or examiner has been made in this Chapter 11 Case.

4.      Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this Chapter 11 Case is set forth in the Baker Declaration.[2]  Those facts are incorporated herein by reference.

### II.      The Contract to be Rejected.

5.      The Debtor began the auction of substantially all of its assets on June 15, 2026 (the "Auction").  At the Auction, the Debtor did not receive any bids which sought the assumption and

---

[2] *See* ECF No. 9.

assignment of the Debtor's executory contract with Granite Telecommunications, LLC (the "Granite Telecommunications Contract").

6.      The closing of the sale of the Debtor's assets is currently scheduled for June 30, 2026 (the "Closing Date") and may be extended to as late as July 12, 2026. Upon the closing of the sale of the Debtor's assets, the Debtor will no longer receive any benefit under the Granite Telecommunications Contract. Accordingly, the Granite Telecommunications Contract will become a burden on the Debtor's estate, and rejection is within the Debtor's sound business judgment.

7.      Through this Motion, the Debtor seeks to reject, as of the earlier of July 12, 2026, or the Closing Date, the Granite Telecommunications Contract.

## RELIEF REQUESTED

8.      By this Motion, the Debtor seeks authority under section 365(a) of the Bankruptcy Code to reject the Granite Telecommunications Contract, effective as of the earlier of July 12, 2026, or the Closing Date.

## BASIS FOR RELIEF REQUESTED

9.      Section 365 of the Bankruptcy Code provides that a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  Rejection under section 365 is generally intended to enable the debtor to relieve itself and the bankruptcy estate from burdensome and unprofitable contracts or unexpired leases in order to preserve and maximize the value of the bankruptcy estate.  *Stewart Title Guar. Co. v. Old Republic Nat'l Ins. Co.,* 83 F.3d 735, 741 (5th Cir. 1994);  *In re Mirant Corp.*, 303 B.R. 319, 330-31 (Bankr. N.D. Tex. 2003) ("There is substantial authority for the proposition that section 365 was intended to allow a trustee or debtor in possession to eliminate burdensome, unprofitable contracts and preserve for the estate's benefit valuable agreements.").

10.     The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor.  *Nat'l Labor Relations Bd. v. Bildisco and Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) (stating that "the usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgement' test").  The business judgment standard is satisfied when a debtor determines that rejection will benefit the estate.  *In re Gardinier, Inc.,* 831 F.2d 974, 975, n. 2 (11th Cir. 1987); *see also Commercial Fin. Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.)*, 47 B.R. 425, 427 (D. Haw. 1985) ("Under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate.") (citation omitted).

11.     Courts generally do not second guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. *See Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.)*, 756 F.2d 1043, 1046-47 (4th Cir. 1985), *cert. denied*, 475 U.S. 1057, 104 S. Ct. 1285 (1986), superseded by statute, 11 U.S.C. § 365(n); *In re Colony Beach & Tennis Club Ass'n, Inc*., No. 8:09-cv-535-T-33, 2010 WL 746708 at \*3 (M.D. Fla. Mar. 2, 2010) ("[T]he bankruptcy court may not substitute its own judgment for that of the debtor unless the debtor's decision is so manifestly unreasonable that it must be based upon bad faith, whim or caprice.") (citation omitted).

12.     Here, the Debtor has satisfied the business judgment standard because the Granite Telecommunications Contract will not be assumed and assigned through the sale process. Given these circumstances, unless the Granite Telecommunications Contract is promptly rejected, the Debtor risks the continued accrual of administrative expenses which would undermine the Debtor's efforts to maximize the value of the Debtor's estate and would be an unnecessary burden on the Debtor's estate.

13.     The Debtor further asks that the Court deem the Granite Telecommunications Contract to be rejected as of the earlier of July 12, 2026, or the Closing Date, to ensure that, to the maximum extent possible, any claims under the Granite Telecommunications Contract will be treated as unsecured pre-petition claims in accordance with section 365(g)(1) of the Bankruptcy Code. *See Nat'l Labor Relations Bd. v. Bildisco*, 465 U.S. 513, 530 (1984) (stating that rejection relates back to the petition date).

**<u>RESERVATION OF RIGHTS</u>**

14.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's right to dispute any claim, an admission that any claim is of a type specified in this Motion, or a waiver or limitation of the Debtor's rights under the Bankruptcy Code or applicable law. In addition, nothing herein shall be construed to mean that the Debtor has abandoned any estate property in or related to any Restaurant locations.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Proposed Order attached hereto as **Exhibit A**, granting the relief requested herein, and such other and further relief as the Court deems just and proper.

Dated: June 30, 2026                    Respectfully submitted,

**SHRAIBERG PAGE, P.A.**
*Attorneys for the Debtor Sailormen, Inc.*
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law
Email: shess@slp.law

By: */s/ Bradley S. Shraiberg*
          Bradley S. Shraiberg
          Florida Bar No. 121622
          Samuel W. Hess
          Florida Bar No. 1044184

-and-

**COLE SCHOTZ, P.C.**
*Attorneys for the Debtor Sailormen, Inc.*
2121 SW 3rd Ave, Suite 200
Miami, FL 33129
Telephone: 305-374-4848
Email: lsalazar@coleschotz.com
Secondary Email: Alee-Sin@coleschotz.com
Secondary Email: CS-eservice-miami@coleschotz.com

By: */s/ Luis Salazar*
      Luis Salazar
      Florida Bar No. 147788
-and-

1201 Wills Street, Suite 320
Baltimore, MD 21231
Telephone: 410-230-0660
Facsimile: 410-406-6067
Gary H. Leibowitz, Esq. (admitted *pro hac vice*)
Maryland Bar No. 24717
Email: GLeibowitz@coleschotz.com
Irving Walker, Esq. (admitted *pro hac vice*)
Maryland Bar No. 00179
Email: IWalker@coleschotz.com
H.C. Jones, III, Esq. (admitted *pro hac vice*)
Maryland Bar No. 20064
Email: HJones@coleschotz.com
Natalie Gibson (admitted *pro hac vice*)
Maryland Bar No. 31350
Email: Ngibson@coleschotz.com

## <u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on June 30, 2026.

                */s/ Bradley S. Shraiberg*
                  Bradley S. Shraiberg

Served via CM/ECF:

- **Eric N Assouline**   ena@assoulineberlowe.com, ah@assoulineberlowe.com
- **Terence G Banich**   terence.banich@katten.com
- **Paul J. Battista**   pjbattista@venable.com, cascavone@venable.com;jnunez@venable.com;imalcolm@venable.com;heburke@venable.com;imalcolm@ecf.courtdrive.com;cascavone@ecf.courtdrive.com
- **Seth N Benes**   seth@lwlawfla.com, claudia@lwlawfla.com;Pleadings@lwlawfla.com
- **Laura Boeckman**   lboeckman@coj.net
- **Stephen C Breuer**   stephen@breuer.law, genna@breuer.law,stephen@ecf.courtdrive.com,mia@breuer.law
- **Joseph P. Briggett**   jbriggett@bakerdonelson.com, jbowers@bakerdonelson.com
- **Jacqueline Calderin**   jc@agentislaw.com, bankruptcy@agentislaw.com;nsocorro@agentislaw.com
- **Helbert A. Canales-Rojas**   helbert@canalesrojaslaw.com, mymarks@bakerdonelson.com
- **Ronald S Canter**   rcanter@roncanterllc.com
- **Shawn M Christianson**   schristianson@buchalter.com, cmcintire@buchalter.com
- **Lisa Caryl Cohen**   lcohen@ruffcohen.com
- **Isabel V Colleran**   isabel.colleran@blaxgray.com
- **Matthew McDonnell Couch**   mcouch@moorheadlaw.com, heidi@moorheadlaw.com;kblackman@moorheadlaw.com
- **Alan R Crane**   acrane@furrcohen.com, yfernandez@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com;cranear84158@notify.bestcase.com;paralegal@furrcohen.com;paralegal2@furrcohen.com
- **Kathleen DiSanto**   kdisanto@bushross.com, bankruptcy.eservice@bushross.com;kdisanto@ecf.courtdrive.com
- **James M Donohue**   jdonohue@ausley.com, sshaffer@ausley.com
- **Michael P Dunn**   michael.dunn@dunnlawpa.com, rbasnueva@dunnlawpa.com;tudani@dunnlawpa.com;lrodriguez@dunnlawpa.com;mflores@dunnlawpa.com
- **C Craig Eller**   celler@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com
- **Raye C Elliott**   raye.elliott@akerman.com, jennifer.meehan@akerman.com;ava.hill@akerman.com
- **Brian T FitzGerald**   fitzgeraldb@hillsboroughcounty.org, connorsa@hillsboroughcounty.org;stroupj@hillsboroughcounty.org
- **Kevin A Forsthoefel**   kforsthoefel@ausley.com, kreffitt@ausley.com
- **Patricia Francois**   patriciafrancois@demandthelimits.com
- **David L. Gay**   dgay@carltonfields.com, cguzman@carltonfields.com;efile@ecf.inforuptcy.com;miaecf@cfdom.net
- **Mark A Gilbert**   mark.gilbert@colemantalley.com
- **Joe M. Grant**   jgrant@loriumlaw.com, jenna-munsey-6083@ecf.pacerpro.com;jyoung@loriumlaw.com;acabello@loriumlaw.com
- **Jordi Guso**   jguso@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.courtdrive.com
- **Stephanie L Hauser**   slh@lklsg.com, ame@lklsg.com

- **Malinda L Hayes**    malinda@mlhlawoffices.com, hayes.malindab120631@notify.bestcase.com;hayes.malindab120631@notify-prod.bestcase.com;yamile@mlhlawoffices.com
- **Samuel W Hess**    shess@slp.law, dwoodall@slp.law;pmouton@slp.law;shess@ecf.courtdrive.com;mortman@slp.law
- **Michael S Hoffman**    mhoffman@lessnehoffman.law, mhoffman@ecf.courtdrive.com
- **Erin M Hoskins**    ehoskins@bergersingerman.com, efile@bergersingerman.com;efile@ecf.courtdrive.com
- **Jason Ward Johnson**    jjohnson@gunster.com, dmowery@gunster.com
- **Jason Z. Jones**    jjones@joneslawpa.com
- **Joshua R. C. Justus**    jjustus@gentrylocke.com
- **Amrit S Kapai**    akapai@dunnlawpa.com, rbasnueva@dunnlawpa.com;tudani@dunnlawpa.com;lrodriguez@dunnlawpa.com;mflores@dunnlawpa.com
- **Matthew S Kish**    mkish@sbwh.law, mlarhzal@sbwh.law;r65072@notify.bestcase.com
- **Harris J. Koroglu**    hkoroglu@shutts.com, mcabo@shutts.com;bvelapoldi@shutts.com;fsantelices@shutts.com
- **John J Lamoureux**    jlamoureux@carltonfields.com, delliott@carltonfields.com;tpaecf@cfdom.net
- **Jaime Burton Leggett**    jleggett@bastamron.com, jmiranda@bastamron.com,mdesvergunat@bastamron.com,mhernandez@bastamron.com, eService@bastamron.com
- **Brett D Lieberman**    brett@elrolaw.com, eservice@elrolaw.com;tisha@elbizlaw.com;virginia@elbizlaw.com;denissis@elbizlaw.com
- **Jesus Lozano**    jlozano@nardellalaw.com, klynch@nardellalaw.com;msayne@nardellalaw.com;ibennett@nardellalaw.com;jlies@nardellalaw.com
- **William J Maguire**    william@maguire-law.com, assistant@maguire-law.com
- **Paul N Mascia**    pmascia@nardellalaw.com, klynch@nardellalaw.com;msayne@nardellalaw.com;ibennett@nardellalaw.com;jlies@nardellalaw.com
- **Kenneth Mather**    kmather@gunster.com, jcowzer@gunster.com;mweaver@gunster.com
- **Esther A McKean**    esther.mckean@akerman.com
- **Brian K. McMahon**    briankmcmahon@gmail.com
- **Glenn D Moses**    gmoses@venable.com, cascavone@venable.com;ipmalcolm@venable.com;jnunez@venable.com;imalcolm@ecf.courtdrive.com;btraina@venable.com
- **Joel F. Newell**    newellj@ballardspahr.com, phxlsateam@ballardspahr.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Gregory Ohl**    gregory.ohl@colemantalley.com, janet.valdes@colemantalley.com
- **Thomas S Onder**    tonder@stark-stark.com
- **Luis Orengo**    lorengo@carltonfields.com, kathompson@carltonfields.com
- **Chad S Paiva**    trustee.paiva@gmail.com, michaelbollingpa@gmail.com,simone@fenderbollingpaiva.com

- **Eric S Pendergraft**    ependergraft@slp.law, dwoodall@slp.law;mortman@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
- **L William Porter III**    bporter@lathamluna.com
- **Stephen B Porterfield**    stephen.porterfield@dentons.com, jan.pack@dentons.com;candice.stanford@dentons.com
- **Robert J. Powell**    rpowell@moorheadlaw.com, heidi@moorheadlaw.com;kblackman@moorheadlaw.com
- **Leanne McKnight Prendergast**    Leanne.Prendergast@pierferd.com, l3annemp@gmail.com
- **Timothy R Qualls**    stalevich@yvlaw.net, tqualls@yvlaw.net
- **Jordan L Rappaport**    office@rorlawfirm.com, 1678370420@filings.docketbird.com
- **David A Ray**    dar@trippscott.com, draycmecf@gmail.com;dar@trippscott.com;aaa@trippscott.com;bankruptcy@trippscott.com
- **Alexis S Read**    asr@alexisreadlaw.com, asr@readlawpllc.com
- **Olivia Retenauer**    oretenauer@tobinreyes.com, eservice@tobinreyes.com;mrea@tobinreyes.com
- **Ricardo A Reyes**    rar@tobinreyes.com, rreid@tobinreyes.com;eservice@tobinreyes.com;mhorton@tobinreyes.com
- **Dana Lee Robbins-Boehner**    drobbins@burr.com, mguerra@burr.com;kkearney@burr.com
- **Richard R Robles**    rrobles@roblespa.com, paralegal@roblespa.com;lawclerk@roblespa.com;assistant@roblespa.com;r49546@notify.bestcase.com
- **Emilio Eduardo Rodriguez**    eer@assoulineberlowe.com, sh@assoulineberlowe.com
- **Eric A Rosen**    erosen@fowler-white.com, CAfilings@fowler-white.com
- **Gail M. Ruiz**    gailruiz@att.net
- **Ariel Sagre**    law@sagrelawfirm.com
- **Luis Salazar**    lsalazar@coleschotz.com, luis-salazar-4791@ecf.pacerpro.com;JCeide@coleschotz.com;LLorenzo@coleschotz.com;Alee-sin@coleschotz.com;DFernandez@coleschotz.com;EVazquez@coleschotz.com
- **Jeffrey N Schatzman**    notices@schatzmanlaw.com, g2251@notify.cincompass.com;schatzman.jeffreyn.b105574@notify.bestcase.com
- **Steven D Schneiderman**    Steven.D.Schneiderman@usdoj.gov
- **David B Shemano**    dshemano@shemanolaw.com, mkolcun@robinskaplan.com;cweiner@robinskaplan.com
- **Bradley S Shraiberg**    bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law;mortman@slp.law
- **R Scott Shuker**    rshuker@shukerdorris.com, atillman@shukerdorris.com;mfranklin@shukerdorris.com;lstricker@shukerdorris.com;wtownsend@shukerdorris.com
- **Eric J Silver**    esilver@stearnsweaver.com, jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com
- **Paul Steven Singerman**    singerman@bergersingerman.com, hmoreno@bergersingerman.com;efile@bergersingerman.com;efile@ecf.courtdrive.com
- **Jason Slatkin**    jslatkin@loriumlaw.com, ecf.jslatkin@loriumlaw.com
- **David R Softness**    david@softnesslaw.com

- **Nicolaos Soulellis**    nsoulellis@gunster.com, jcowzer@gunster.com;mweaver@gunster.com
- **Gavin N Stewart**    bk@stewartlegalgroup.com
- **Lauren Stricker**    lstricker@shukerdorris.com, atillman@shukerdorris.com;mdorris@shukerdorris.com;mfranklin@shukerdorris.com;rshuker@shukerdorris.com;wtownsend@shukerdorris.com
- **James S Telepman**    jst@cohennorris.com
- **Richard R Thames**    rrt@thamesmarkey.law, srb@thamesmarkey.law;brm@thamesmarkey.law;rjs@thamesmarkey.law;keh@thamesmarkey.law
- **Seth P Traub**    straub@shumaker.com, dmccabe@shumaker.com
- **Barry Seth Turner**    bt@bstpa.com, bstpalaw@gmail.com;paralegal@bstpa.com
- **John J Wiles**    bankruptcy@evict.net

# EXHIBIT A

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11

SAILORMEN, INC.,                                          Case No. 26-10451-RAM

      Debtor.[1]

_____ /

**ORDER AUTHORIZING REJECTION OF EXECUTORY
CONTRACT WITH GRANITE TELECOMMUNICATIONS**

This matter came before the Court for hearing on June 26, 2026 upon the *Expedited Motion for Entry of an Order Authorizing the Rejection of Executory Contract with Granite Telecommunications* [Dkt. No. XXX] (the "Motion")[2] filed by the Debtor. For the reasons stated on the record, and with the Court being fully advised in the premises, it is **ORDERED** and **ADJUDGED:**

---

[1]    The Debtor in this Chapter 11 case and the last four digits of its federal tax identification number are Sailormen, Inc. (5214). The location of the Debtor's corporate headquarters and the Debtor's service address in this chapter 11 case is Miami, Florida.

[2]    All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1. The Motion is **GRANTED**.

2. The Debtor's proposed rejection of the Granite Telecommunications Contract is approved, effective as of the earlier of July 12, 2026, or the Closing Date.

3. If the Closing Date for any sale of the Debtor's assets will occur prior to July 12, 2026, the Debtor shall provide prompt notice to Granite Telecommunications, LLC of each such earlier Closing Date; provided, however, that the Debtor shall provide such notice(s) no later than 48 hours prior to such earlier Closing Date.

4. **Any proof of claim arising from the rejection must be filed no later than the latest to occur of: (1) the time to file a proof of claim under Bankruptcy Rule 3002(c) or Local Rule 3003-1; (2) 28 days after entry of this order; or (3) 28 days after the effective date of the rejection.**

5. The Debtor is authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

Submitted by:

Bradley S. Shraiberg, Esq.
SHRAIBERG PAGE P.A.
*Counsel for the Debtor*
2385 NW Executive Center Dr., Suite 300
Boca Raton, FL 33401
Telephone: (561) 433-0800
bss@slp.law


*Bradley Shraiberg, Esq. is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.*